MAYNARD v. WOODARD.

# David Maynard and another v. David A. Woodard and others.

*Wills: Bequest: School district: Library.* A bequest to a school district board named, and their successors, in trust to invest at interest and expend the interest annually for purchasing and adding to a school library, such books to be selected as will be suitable for people of all ages and classes in the district, and so used by them under proper rules and regulations as shall best promote the interest of education, general literature and morality, is sustained as a valid bequest.

*Wills: Beneficiaries: Managers: Trust: School district board.* The intended beneficiaries and the managers are persons known to the law as competent to take and use all property destined for the legitimate uses of school districts, when sufficiently designated and granted.

*Libraries: School apparatus: Public school purposes.* Libraries must certainly be considered within the proper range of school apparatus, and the design of this bequest cannot be held to be in conflict with public school purposes.

*Bequest: Public school library: Charities: Definiteness: Discretion: Intent.* The bequest is for a purpose coming within the range of charities, but the doctrines applied to imperfectly defined gifts and trusts are not involved; the property, the trusts, the beneficiaries and the trustees or managers, are all definitely specified; the only discretion involved is that of the lawful administrators of the district, and is a corporate discretion; and there is no room for technical criticism upon the question whether the bequest is to the district or to the board; the intent is not obscure.

*Public corporations: Bequests: Acceptance: School district: Library.* There is nothing in our laws which cuts off public corporations from accepting benevolent offerings to enable them to extend their usefulness and benefit their people by enlarging their opportunities for culture and refinement without multiplying or increasing their burdens; and a school district may lawfully accept a bequest of a fund to be invested and the interest expended in purchasing and keeping up a district library, and it is legally capable of administering such a trust.

*Submitted on briefs April 18. Decided April 24.*

Error to Washtenaw Circuit.

*Felch & Grant,* for plaintiffs in error.

*Beakes & Cutcheon,* for defendants in error.

CAMPBELL, J:

Lucy M. Maynard, by her last will, directed the residue

of her estate, real and personal, not otherwise disposed of, to be sold and converted into money and applied under the following provisions:

"The effects thereof I give to David A. Woodard, Harmon Allen and Thomas Richards, district board for fractional school district No. 1 in Milan and No. 1 in York, and their successors forever, in trust for the following named purposes: I direct that the funds so placed at the disposal of the said district board shall be placed at interest by them and the interest be annually used for purchasing and adding to a school library, the said library to be selected and cared for by the said district board or their legal representatives. And it is my wish that such books be selected as will be suitable for people of all ages and classes within the said district, and so used by them under proper rules and directions of the said board as shall best promote the interest of education, general literature and morality."

The validity of this bequest is attacked by two of the heirs at law. The circuit court of Washtenaw county, affirming the order of the probate court, held the provisions to be valid; and the conclusions from the facts found were, "that the fair result of the bequest is to constitute the school district referred to, acting through its district board, trustee; and that the residue now remaining in the hands of the executors should be assigned to the persons constituting the district board of said school district, and their successors forever, for the uses and purposes expressed in said will."

From this order, two of the heirs, David and John Maynard, appeal. In order to determine the questions raised by the appeal, it is necessary to consider the legal position of school districts and school boards.

Every school district is a corporation, and the technical corporate name of this district is fractional school district number one in Milan and number one in York.

The district board have custody and care of all the property and moneys of the district (except such as may be confided under certain circumstances to the director), and

are required to apply and pay over all school moneys belonging to the district in accordance with law. Where there are district libraries, these are under the care and management of the district board, whose control is general, and who make selections and purchases, and provide for the safe keeping and use of the books.

It is manifest, therefore, that both the intended beneficiary and the managers are persons known to the law as competent to take and use all property destined for the legitimate uses of school districts, when sufficiently designated and granted.

The object of the will is entirely plain. It proposes to appropriate money to be used and managed permanently for the purposes of a district school library. The books are to be selected by the board for the time being, and the selection is with a view to promote the interests of "education, general literature and morality."

The ordinance of 1787, under which this region was first set apart for its future creation into states, which have been organized under its sanctions, declared that religion, morality and knowledge were necessary to good government, and the happiness of mankind, and provided that for these expressed purposes "schools and the means of education shall forever be encouraged." It is somewhat strange, therefore, to have it suggested that libraries are not within the proper range of school apparatus, or that the purposes set forth in this will are in conflict with public school purposes. When schools cease to be used for such purposes, they will cease to be worthy of support or toleration. Nothing but poverty can make it proper for any school district to deprive itself of the valuable aid of libraries, which enlarge and supplement the work of the teacher, and educate people of all ages as no other instrumentalities can educate them. The bequest in controversy, if invalid, must be so held because of some infirmity in the legal constitution of the district, or of some defect in the declaration of the trust.

36 MICH.—54.

The bequest is for a purpose coming within the range of charities, but it is not one which requires any consideration of the doctrines which apply under the English system to imperfectly defined gifts and trusts. The property and the trusts are definite, the beneficiary is definite and the trustees or managers are definite. If no managers were named, the administration of the trust would devolve on those officers who manage district business, and the board designated perform that function. The discretion involved, therefore, is the discretion of the lawful administrators of the district, and is a corporate discretion. There is no room for technical criticism upon the question whether the bequest is to the district or to the board. The intention of the will is not obscure, and the testatrix has directed the money to be paid just as she would have paid it in person had she desired during life to make a gift to the district.

There is really but one question of any importance on the record. That is, whether the corporation is legally capable of administering such a trust, which the appellants claim is not within the statutory powers; and they insist these bodies have none but statutory powers, and cannot go beyond them.

Upon this point the diligence of counsel has collected much learning, but it seems to have been overlooked that the subject has already been disposed of in this court, and we do not care to enlarge upon it.

In *Stuart v. School District No. 1 in Kalamazoo, 30 Mich. R., 69*, there was an examination into the powers of school districts to enlarge and extend their courses of instruction, and it was held the statutes could not be narrowly construed without doing violence to their intent. In *Hatheway v. Sackett, 32 Mich. R., 97*, the contest was over a bequest to a village of fifteen thousand dollars to be used in the erection of a building for a high school. The objection was made there which is made here, that the purpose was foreign to the objects of the corporation. It was held, however, not to be repugnant, on the ground that

education was a recognized factor in all civilization, and that schools were as important instruments of public advancement as municipal institutions, and neither foreign nor incongruous elements in municipal affairs.

Whether school districts could, without statutory authority, raise money for any library not meant for the purposes of the schools, is a very different question from whether a district library, if obtained without taxation, would be foreign to the educational interests of the district. We are not disposed to regard the present library law as having any especial bearing on this matter. The argument which in the absence of such a law would exclude a library, would, possibly, stand in the way of keeping up any library not in all things patterned after the statute, and supported in the same way. But we have no hesitation in holding, in accordance with the previous decision, that there is nothing in our laws which cuts off public corporations from accepting benevolent offerings to enable them to extend their usefulness and benefit their people, by enlarging their opportunities for culture and refinement, without multiplying or increasing their burdens. We do not hold that they may not reject such gifts if they have not intelligence enough to appreciate them. But we think the acceptance of such a bequest as this by a school district is in the direct line of corporate authority.

The judgment of the court below must be affirmed, with costs of both courts, and the order be remitted for further proceedings.

The other Justices concurred.