## CRAM *v.* CRAM.

When a testátor gives a legacy to be paid to the legatee " at such times and at such amounts as she may seem to need," the executor is invested with a discretion as to its payment which he is bound to exercise fairly and justly, and which is subject to revision.

Such a legacy constitutes a charge upon land given by a residuary clause in the will to the executor.

BILL IN EQUITY, for the payment of a legacy. In a codicil to the will named in the preceding case, the testator gave his wife, Martha T. Cram, four hundred dollars, to be paid to her " at such times and at such amounts as she may seem to need. If there is any of the four hundred unpaid at her decease, it is my desire that it revert to my executor, Frank P. Cram, or his heirs."

At the time the plaintiff went to Winchester, and subsequently at different times, the defendant paid her altogether seventy-two dollars. She has been continually an invalid, and is now in need of the balance of the four hundred dollar legacy to pay for medical attendance and nursing. Decree for the plaintiff, to which the defendant excepted.

*Wiggin & Fuller*, for the plaintiff. The four hundred dollar legacy was rightly held to be a charge on the land. Wherever lands are devised to one on whom the will imposes the duty of paying a legacy to another, such legacy is in equity charged upon the land so devised. *Morancy* v. *Quarles*, 1 McLean 194; *Sheldon* v. *Purple*, 15 Pick. 528; *Taft* v. *Morse*, 4 Met. 523; *Gookin* v. *True*, 3 N. H. 288; *Alcock* v. *Sparhawk*, 2 Vern. 228.

The devisee in such case is put to his election either to pay the legacy, or to decline receiving the land. If he accept the devise he is bound to pay the legacy, and holds the land charged with a trust for that purpose. And the record of the will, which is the source of title of all claiming under such devisee, is also notice to them of the trust. Claiming title through the will, they must also bear the burden which the will imposes. *Qui commodum accepit, sentire debet et onus.*

The objection that the plaintiff's remedy is at law is untenable. No action lies for a legacy unless the executor assents to it; and in this case he most emphatically dissents, as shown by his brief. The testator did not intend to leave the question of the widow's need of the $400 to the uncontrolled discretion of the defendant Cram, the only person in the world who would be expected to have an interest in deciding adversely to her claim; and even if the matter was left to the defendant's discretion, the court can and will interfere when necessary, and compel him to exercise that discretion soundly and justly. *Brock* v. *Sawyer*, 39 N. H. 548.

*Leavitt & Knight*, for the defendant.   The plaintiff can recover nothing in the second suit.   The testator intended to give the defendant as well as the plaintiff a possible beneficial interest in the four hundred dollar legacy.   The disposal of it is entrusted by the codicil to the defendant's discretion.   To whom may she "seem to need," if not to the defendant?   The need contemplated was no other than such as she might apparently suffer while residing with her son upon the farm.   No such need has yet arisen.

It is not a charge upon the land more than upon any other property of the defendant or his sureties ; and whether it is or not, the plaintiff has a plain, adequate, and complete remedy at law to recover so much of it as now belongs to her, and she has no occasion and is not entitled to seek relief in equity.

STANLEY, J.   The plaintiff seeks to recover a legacy of four hundred dollars given her in the codicil to her husband's will, and for a decree that it is a charge upon the land devised to the defendant.   The defendant denies these positions, and insists that, even if they are sound, the plaintiff cannot maintain a bill in equity to recover the legacy.   The defendant took the residue of the testator's estate, after the payment of the debts and legacies, and this legacy thereby became a charge upon the land. *Piper* v. *Piper*, 2 N. H. 439; *Gookin* v. *True*, 3 N. H. 288; *Wallace* v. *Wallace*, 23 N. H. 149; *Clough* v. *Elliott*, 23 N. H. 182.   But the plaintiff was only entitled to so much of it as she needed, and to be paid to her as she seemed to need it.   It was, in legal effect, a bequest to the executor of four hundred dollars, to be held in trust for the benefit of the plaintiff, and to be expended by him for her in his discretion as she needed it.   His discretion was to be exercised fairly and justly, not arbitrarily, and is subject to revision.   Whether the defendant properly exercised his discretion is a question of fact; and the finding of the court, that she is entitled to three hundred and twenty-eight dollars, the balance of the four hundred unpaid, is a finding against the defendant on this point, and is conclusive, unless the plaintiff's right to it depended upon her living upon the farm.   The bequest is of four hundred dollars, to be expended for her needs, and there is nothing in the will or codicil showing the testator's intention to make its payment depend upon her living in any particular place.

It is unnecessary to consider whether the plaintiff has a remedy at law, for, whether she has or not, this bill may be maintained. The plaintiff is entitled to the decree ordered at the trial term.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.