EDGERLY & a., Ap'ts, v. BARKER.

A will by which the testator gave his property to three trustees, and provided that his son, upon the performance by him of certain conditions, should be an additional trustee, is construed to authorize the three trustees to determine whether the conditions were performed.

APPEAL, from a decree of the judge of probate appointing the defendant a co-trustee with the plaintiffs under the will of Hiram Barker. The will and codicils contained provisions for the payment of sundry legacies, and also the following:

"Eighth. I give, bequeath, and devise all the rest, residue, and remainder of my estate, real, personal, or mixed, of every name, nature, and description, and wherever found or situate, to [naming the trustees] and their successors and their heirs in trust for the following purposes, to wit:

"First. To carry on, manage, and improve all my real estate to the best advantage, and take care of my personal estate; and invest the proceeds of all my said estate, with power to sell at private or public sale any of my real estate, whenever in the best judgment of said trustees it is most expedient and for the interest of my estate so to do, and make the money received from such sale, or sales, a part of said investment.

"Secondly. To pay out of and from the net income of my said estate to my daughter, Clara Barker, during her life yearly, the sum of two thousand dollars, in such sums and at such times as she shall request; and if said sum is not sufficient for her ample and comfortable support and suitable manner of living, such further and additional sums of money shall be paid her by said trustees and their successors as shall in their best judgment be just, sufficient, and proper for such purposes.

"Thirdly. To pay out of and from said net income of my estate to my son, Hiram H. Barker, during his life yearly, the sum of one thousand dollars, in such manner and at such times as he shall request for the proper and reasonable support of himself and his wife and children, if, in the best opinion of said trustees, he shall, from his habits and mode of life, prove himself to be safe and competent to have the use and expenditure of said money for said purposes; and if said sum of one thousand dollars shall not, in the best judgment of said trustees, or their successors, prove sufficient for said purposes, then said specified sum shall be increased to such an amount as shall in their best opinion be sufficient for said objects; and said trustees, in case my said son shall prove incapable or unfit from any cause to manage and pay out said money for said purposes, then my said trustees shall manage and expend the same money and more, if need be, all at their best judgment, and all for said purposes; that, also, out of said income of my said

estate means shall be furnished and provided for the education at
home, or abroad, at proper institutions of learning, of each and all
of said children; and any other child or children of my said son,
if any, hereafter born, shall have and receive all the rights and
benefits from my estate that such child, or children, would have
if living at my decease.   And I hope that said children, each and
all, will avail themselves of this opportunity to acquire a good
education.

" And if my said son shall become and remain temperate, sober,.
and correct in his habits for the entire space of five years together,.
he shall have five thousand dollars and be added to the number of
the trustees, and be of equal power with any other one of them in
the control and management of my estate; and he shall be of said
trustees, after becoming such as aforesaid, so long as he shall
remain temperate, sober, and correct in his habits, and no longer;:
and ten thousand dollars more shall, at the expiration of ten years·
from and after the expiration of said five years, be paid him if he·
shall remain during all said last named time perfectly temperate
and of good and regular habits; and fifteen thousand dollars more·
shall be paid to him at the expiration of ten years more after the·
end of said last mentioned ten years if he shall remain during all
said last named ten years perfectly temperate and of good and.
regular habits.

" Fourthly.  To pay out of and from said funds after the death
of my said son, if his wife shall survive him, to her yearly, money
for her sole, proper, and sufficient support and maintenance, not,
however, exceeding five hundred dollars, unless more is needed
by her, and then such an amount as said trustees shall regard as
proper and necessary, all so long as she remains his widow, and
no longer.

" Fifthly.  To pay out of and from said estate to each of said
children when said child shall reach the age of twenty-one years,
and to each of the children of my said daughter if she shall marry
and have a child, or children, the sum of from three thousand dol-
lars to five thousand dollars, if such child shall then be temperate
and of good capacity to manage said money, all in and according
to the opinion of my said trustees; and from time to time there-
after, as their wants and necessities shall require, to pay out of
and from said estate such further sum or sums of money as may
be necessary, all under the conditions aforesaid respecting temper-
ance and capacity; and when the youngest of said children shall
arrive at the age of forty years, then all my estate shall be theirs,
to have and to hold the same to them and their heirs, those of
them of good and regular habits and of capacity to do business
and manage property, to take care of and manage as trustees the
portion or portions thereof belonging to those, if any, who are not
then possessed of such habits and capacity; but before said prop-
erty shall vest in and be theirs, proper, suitable, and sufficient

bonds or other security must be given by them for the payment of said sum, or sums, to my said daughter, if living, so long as she shall live, to my said son's widow, if she shall then be living, so long as she lives and remains his widow, and also for the good and sufficient support of my said son so long as he shall live.

"And, lastly, I hereby constitute and appoint all the said trustees to be also the only executors of this my last will and testament; and I direct that said executors and trustees and those hereafter appointed under this will shall each be exempt from giving bond, or from giving a surety or sureties on his or their bond; and in case any of said executors or trustees, or both, shall at any time decline to act as such, or die, then application shall be made by him or them who are willing to act, or are acting as such, to the supreme court in and for said county of Strafford to fill the vacancies so caused."

"I give and devise to my son, Hiram H. Barker, the use of the dwelling-house and lot now occupied by him in Farmington, in said county of Strafford, free of all rent during his life; and from and after the termination of his said estate, said house and lot shall pass into the hands of the trustees of my said will and codicil, to be thereafter cared for, managed, or sold, and the proceeds thereof invested as in case of my other real estate."

"I will, order, and direct the trustees and executors who shall execute and carry into effect the provisions of my will and the codicils to said will, to purchase or build at an expense of not over five thousand dollars from and by means of the money in their hands belonging to and a part of my estate, a suitable house and outbuildings belonging to and used with said house; said house and other buildings to be located in Farmington, in the county of Strafford and state of New Hampshire, or in any other place in said state, or any other state, for the residence and home of my son, Hiram H. Barker, in case he from any cause elects to change his residence and no longer live where he now resides; and I further order and direct that, if my said son, Hiram H. Barker, continues to reside where he now lives as his home, he shall have for and during his life, as stated and provided in said other codicil, the use and occupation of said premises free of all rent; and if he changes his residence and occupies another house and outbuildings therewith belonging to me in this town of Farmington or in any other place as provided above, he shall have the use and occupation of said house and other buildings for and during his life free of all rent; and said trustees or those executing my said will shall also keep in repair all buildings in said Farmington, or elsewhere, belonging to my estate so used and occupied by my said son, at the expense of said estate alone. And when my said son ceases to occupy either of said premises as aforesaid, then all of said property shall pass into the hands of the trustees and executors of my said will, and be with my other property in their

hands, possession, and control as such. And if my son, Hiram H. Barker, prefers to hire a house and outbuildings therewith for a residence for himself and family instead of residing where he does now, or to having a new house and other buildings therewith as above provided, he shall have the right so to do in any place he may select, at a reasonable rent which shall be paid out of my estate."

"And I also order and direct that the trustees and executors of my will shall pay all taxes on all of the premises belonging to me which shall be occupied by my said son, Hiram H. Barker, at any time as aforesaid; my order and desire being that he shall have the use and occupation of said premises free of all expense to him."

No notice of the defendant's petition to the probate court to be appointed trustee was given to the plaintiffs. The question whether that court had jurisdiction of the subject-matter was reserved.

*Joshua G. Hall* and *William L. Foster*, for the plaintiffs.

*Worcester, Gafney & Snow, Frink & Batchelder, George E. Cochrane*, and *John Kivel*, for the defendant.

CHASE, J. The testator, in the exercise of his legal right (Per. Tr., s. 287), made the defendant's right to be a trustee dependent upon a condition precedent. In the words of the will, the defendant must "become and remain temperate, sober, and correct in his habits for the entire space of five years together" before he will be entitled to that office. In order to carry the provision into effect, it was necessary that some one should have authority to decide whether the condition had been complied with. If the testator did not specially authorize some one to do this, the courts having jurisdiction of such matters would possess the authority. But the testator was at liberty to confer the authority upon any one he saw fit, and the evidence shows that he conferred it upon the trustees.

The general purpose of the will seems to have been to place the trustees, with certain limitations, in the position which the testator himself occupied before his death, in respect to the management of his estate and the care of his children and their dependents. He intrusted to their discretion the determination of the question whether his children needed aid from time to time for their proper support in addition to the provisions he specifically made for them, and if so, the amounts required. Being of opinion that his son's habits might render him unfit to have the care and expenditure of the money given for his support, he authorized them, in that event, to expend the money for him. They could not exercise this authority without first deciding upon the son's fitness. The decision of this question was committed to them as an incident of the authority conferred. He also gave them large discretion in respect to the support of his son's widow

and the aid to be furnished to his grandchildren. It appears that he trusted them implicitly in respect to all these matters; that he had faith in their judgment and integrity; and that he believed they would deal with his children and grandchildren somewhat as he would have done under the same circumstances, if living. Such being his confidence in them, they would naturally be the persons whom he would appoint to decide the question of the son's fitness for the trusteeship, especially as he made that fitness depend upon the same conditions as the fitness for the care and expenditure of the money given for his support. The fact that he committed the decision of the latter question to them makes it reasonably certain that he intended to commit the former to them also. Otherwise, it might happen that his son would become a trustee, having equal powers with the other trustees in the management of the whole estate, at a time when they were, in good faith, withholding from him the care and expenditure of his annuity on account of his unfitnes therefor by reason of his intemperate habits. It is not supposable that the testator intended his son should ever occupy these incongruous positions. He had no idea that he had introduced provisions into his will which would make such a result possible.

Neither is it probable that he intended to make the question of the son's reformation the subject of recurring litigation. If the probate or the supreme court had jurisdiction of the matter in the first instance, it is conceivable that they might be called upon frequently to consider it, and that long and bitter litigation would result, involving large expenses, estranging the trustees and the defendant, and bringing scandal concerning the testator's family to public notice.

The number of trustees intended by the testator is complete without the defendant. If the defendant becomes entitled to be a trustee, his appointment will not fill a vacancy, but will be an addition to the original number. His case does not come within the provision of the will that if any executor or trustee shall decline to act, or die, application shall be made to the supreme court, by those who are acting, to fill the vacancy.

The testator, by the provision for adding the defendant to the trustees upon the reformation of his habits, has shown that he regarded him as a suitable person for the trust in all other respects. The only question to be determined as to his appointment is, whether he has made the requisite change in his habits. The provision which authorizes the trustees to determine whether he shall be entrusted with the expenditure of the annuity given for the support of his family, and that which authorizes his appointment as co-trustee upon the reformation of his habits, are included in the same clause of the will,—the former being in the first paragraph of the clause, and the latter in a paragraph immediately following it and beginning with these words, "And if my

said son shall become," etc. The fact that he was so explicit, in the first paragraph, in providing that the trustees should determine the defendant's fitness to have the care and expenditure of the money there referred to, rendered it unnecessary to repeat the same idea in the second paragraph, which was so closely connected with the first. If the second paragraph had begun, And if it shall appear to the trustees that my said son shall become, etc., it would have been scarcely more expressive of an intent to submit to them the question of his compliance with the condition upon which his right to become a trustee is based. The performance of their duty in respect to the matter first mentioned would necessarily qualify them to form a correct judgment upon the latter question.

The provisions of the will indicate that the testator had no distrust of the trustees because of their pecuniary interests growing out of their office. It would be for their interest to pay as little money as possible for the support of the testator's children, grandchildren, and daughter-in-law, in order that they might retain in their possession a larger balance. Such course would naturally increase their income from the office. But the testator did not withhold his confidence from them on this account, nor accompany its bestowal with embarrassing limitations or conditions. He trusted them fully and freely in respect to these matters; and there is no reason for supposing he had any less faith in their capacity to act justly and fairly upon the question whether the defendant had entitled himself to become a trustee. The allowance to a trustee is governed by the rule that reasonable compensation is to be made for services rendered. If the defendant is added to the number, he will be entitled to reasonable compensation for the time he spends in performing his duties, the same as each of the other trustees; his addition to the number cannot very seriously affect their income. This reason has slight weight in opposition to the reasons before given.

A consideration of all the evidence shows that the testator intended that the trustees provided for in the will, and the defendant, should solve the question of his reformation between themselves; that the trustees should exercise the kindly and charitable offices of a parent towards the defendant, and influence him to become a man of temperate and correct habits, permanently established; and that the defendant should respectfully yield to these offices, and become what the testator so earnestly desired.

So long as the trustees exercise their discretion fairly and justly in respect to the matters intrusted to them by the testator, the law will not interfere. *Brock* v. *Sawyer*, 39 N. H. 547; *Cram* v. *Cram*, 63 N. H. 35. The decree of the probate court should be reversed.

*Case discharged.*

All concurred.