CASPARI *v.* CUTCHEON.

1. WILLS—INTENTION OF TESTATOR—TESTAMENTARY TRUSTS.
    Where a will clearly shows that it was the testator's intention to bequeath the net income of a trust estate, the trust will not be held invalid upon the ground that the amount of the income cannot be definitely ascertained.

2. SAME—UNCERTAINTY.
    A bequest of a fund to trustees "to invest, and from time to time reinvest, in such income-producing investments as they shall deem for the best interests of the trust," is not void for uncertainty in that it fails to designate the securities in which investments shall be made.

3. SAME—LIABILITY OF TRUSTEES.
    When an instrument which creates a trust fails to designate the securities in which the trust funds shall be invested, the trustees take subject to the recognized rules of law as to the investment of trust funds, and will be held personally responsible for failure to exercise good faith and sound discretion.

4. SAME—PROVINCE OF COURT.
    Where there is nothing to show that trustees are likely to abuse their trust by arbitrary or capricious exercise of authority, the court will not, at the request of the beneficiary, adjudge how they shall act in regard to matters expressly confided to their discretion.

Appeal from Wayne; Haire, J., presiding. Submitted April 24, 1896. Decided July 8, 1896.

Bill by Josephine Caspari against Sullivan M. Cutcheon and others to determine the validity of a trust provision in the will of Stephen Moore, deceased. From a decree dismissing the bill, complainant appeals. Affirmed.

*Atkinson & Haigh*, for complainant.

*Cutcheon, Stellwagen & Fleming*, for defendants.

MOORE, J.    In his lifetime, Stephen Moore, who had three children' living, made his will, which, after his death, was probated. The defendants Cutcheon and Stellwagen were appointed executors. The will directs that the executors sell and convey all real estate, and convert it into money. It also contains this provision:

"*Thirteenth.*    I give and bequeath to Sullivan M. Cutcheon and Augustus C. Stellwagen, of Detroit, Michigan, and to their successors appointed as hereinafter provided, the sum of one hundred thousand dollars, in trust for the following purposes, namely:

"1. To invest, and from time to time reinvest, the same in such income-producing investments as they shall deem for the best interests of the trust.

"2. To pay, out of the income arising from such investments, all taxes, losses, and expenses of the trust, including the sum of five hundred dollars per year, to be received by them in full for their annual compensation for the care and management of said trust.

"3. To pay the residue of said income of said trust, on the first days of January and July of each year, to my daughter, Josephine, from my death, for and during her natural life.

"4. If, at the death of my said daughter, Josephine, she shall leave issue her surviving, then at her death to transfer, assign, and pay over to such issue the said trust fund, money, and property.

"5. If my said daughter, Josephine, shall die without issue, and my son George shall survive her, then I give one-half of said trust remaining at the time of her death to my son Lucien, his heirs and assigns forever, and the net income of the remaining one-half of said trust to my said son George, for and during his natural life, from

and immediately after the death of my said daughter, Josephine.

"6. If my said daughter, Josephine, shall die without issue, and my son George shall not survive her, but shall leave issue surviving, then I give one-half said trust fund to such issue, and the other half to my son Lucien, his heirs and assigns forever.

"7. If my said daughter, Josephine, shall die without issue, and my son George shall survive her, and at his death shall leave issue him surviving, then I give the one-half of said trust fund of which he has been entitled to receive the net income from the death of my daughter, Josephine, to such issue.

"8. If my said daughter, Josephine, shall die without issue, and my son George should survive her, but die without issue, then I give at his death the said half of said trust fund then remaining to my. son Lucien, his heirs and assigns forever."

A codicil provided for the payment to the daughter, Josephine, of $25,000 January 1, 1900, a like amount January 1, 1910, and that, in case of the reduction of the trust fund by these payments, the compensation of the trustees should be reduced at the same rate. The complainant, who is the daughter, Josephine, filed this bill to determine the validity of the trust. The bill was dismissed by the court below, and the case comes here by appeal.

Several reasons were assigned by complainant against the validity of the trust, but the solicitors for complainant, in their brief, say they do "not regard the trust as void under the statute against perpetuities. It is, so far as time is concerned, within the limit fixed by the statute. It is also within the limit fixed by the common law." Their contention is "that the trust is void for uncertainty, whether it be judged by the common law or by the statute." They contend "that the statute requires that the trust shall be for the benefit of some person or persons who shall be clearly designated; that the trust shall be fully declared and clearly defined on the face of the instrument; that the intention should not be left to

implication, but that the trust should be so clearly declared · that it could be carried out under the direction of the court." It is claimed that because the will authorized the trustees "to invest, and from time to time reinvest, the same in such income-producing investments as they shall deem for the best interests of the trust," it puts such an element of uncertainty into the trust as to make it void. It is also urged by complainant's counsel that the language of the trust is indefinite, and that no one can tell from it how the trust fund will be invested, or what the income from it will be.

We have carefully considered the arguments of the able solicitors, and all the authorities they cite, but cannot agree with them in the conclusions they reach. We think it clearly apparent from the provisions of the will that Mr. Moore intended his daughter to have the net income from the fund during her natural life, and this is made very clear and explicit by the will. Provision is also made for the disposition of the fund upon her death. It is true that no one can tell just what the income will be, but that grows out of the uncertainty of all events in the future. Had the will provided just how the fund should be invested, there would have been no certainty about the income. Investments that are good today may be bad tomorrow. It is to be presumed that the trustees will act in good faith, and something must be left to their discretion. The law of the investment of trust funds is very clearly settled, and it is not unreasonable to assume that when Mr. Moore executed the will he had some knowledge of the condition of the law upon that subject. He doubtless understood that, if he did not designate the securities in which the trust fund must be invested by the trustees, the law would require them to exercise sound discretion and good faith in the investment of the funds, and would hold them personally responsible for any failure in that respect, for this is undoubtedly the law. 1 Perry, Trusts, § 452. This doubtless led him to believe that in no other

way could he more certainly provide an income for his daughter than in the way he did. His will is well calculated to attain his object. It does not seem to us that there is any want of definiteness as to the property, the terms of the trust, the trustees, or the beneficiary; and that the trust is valid. *Hatheway* v. *Sackett*, 32 Mich. 97; *Maynard* v. *Woodard*, 36 Mich. 423; *Penny* v. *Croul*, 76 Mich. 471.

The court is asked, if it holds the trust to be valid, to determine (1) that the complainant be declared to be the beneficiary, and be allowed to take the fund on securing the remainder-men; or (2) that complainant should have a voice in the selection of trustees as changes occur, and that the trustees give bonds for the management and preservation of the fund; (3) that the court declare the kind of securities in which investments shall be made. In *Proctor* v. *Heyer*, 122 Mass. 525, it is said:

" The judgment of this court cannot be substituted for the discretion of the trustees, reasonably and fairly exercised, in respect to matters which the testator has expressly confided to the wise discretion of the trustees selected by himself, where there is no suggestion from any quarter that they are likely to abuse that trust by an arbitrary or capricious exercise of authority."

There is nothing in the record indicating the necessity for this court to pass upon these questions now, except as herein indicated.

The decree of the court below is affirmed, with costs.

GRANT, MONTGOMERY, and HOOKER., JJ., concurred. LONG, C. J., did not sit.