HENRY J. DUBOIS *vs.* WILLIAM E. BARBOUR *et al.*

PROVIDENCE—JUNE 24, 1905.

PRESENT: Douglas, C. J., Blodgett and Johnson, JJ.

(1) *Trusts. Discretionary Power in Trustee.*

Testamentary devise: "Said trustee shall hold said property and shall pay the rents, profits, income, and interest thereof to my son at such times and in such amounts as may according to the judgment and discretion of the trustee seem best; not, however, in making such payment at any time exceeding the sum of $10. Upon the death of (the son) the trustee shall convey and transfer all the property, estate, rents, profits, income, and interest then in his hands or possession to the mother of this testatrix."

Upon bill alleging that executions against the beneficiary had been returned unsatisfied and that the trustee had in his hands a net surplus of income in excess of said judgments, and praying for a lien on such surplus to satisfy the judgments:—

*Held*, that the object of the testatrix was to leave the trustee practically *in loco. parentis*, giving him more than the usual discretion of a mere trustee.

*Held*, further, that the court would not interfere with so broad a discretion unless upon a showing of arbitrary wrong-doing amounting to a deprivation of the beneficiary of the benefits of the trust.

Bill dismissed.

BILL IN EQUITY. Heard on bill and answers, and dismissed.

PER CURIAM. The bill sets up the will of Mary F. Barbour; avers that under the provisions of said will William E. Barbour has a vested property interest and is entitled to receive during his life, from the trustee for the time being, the whole net rents, profits, interest, and income of said trust estate; that judgments have been obtained at law against said William; that executions on the same have been issued and returned unsatisfied; that said trustee has in his hands a net surplus of income from said trust property in excess of the amount of said judgments; and prays for a lien on said net surplus fund for the satisfaction of said judgments; that the trustee may be directed to pay the amount of said judgment claims out of said surplus income; and for general relief.

The answer admits the above allegations, except that it denies that said will by its terms gives said William a vested interest in the income of said trust estate.

By her will, Mary F. Barbour, after minor gifts to others,. devises and bequeaths the residue of her estate to David C. Moulton in trust "to and for the uses following:

"1.   Said trustee shall take, hold and receive said property and estate, and shall pay the rents, profits, income, and interest. thereof to my son William E. Barbour, at such times and in such amounts as may, according to the judgment and dis- cretion of the trustee, seem best; not, however, in making such payment at any time exceeding the sum of ten dollars.

"2.   Upon the death of said William, the trustee shall con- vey and transfer all the property, estate, rents, profits, income, and interest then in his hands or possession, to the mother of this testatrix, Mrs. Mary Burnham, her heirs and assigns, of Lansingburg, in the State of New York, if the said Mrs. Burn- ham be then living, free and discharged from all trusts what- soever:

"If Mrs. Burnham is not then living, the trustee shall make such conveyance and transfer to my sister, Mrs. Kate J. Clayton,. of said Lansingburg: And if Mrs. Clayton is not then living,. such property, estate, rents, profits, income, and interest shall be divided, free and discharged from all trust, equally between the brother and sisters of this testatrix that may then be living."

Said Moulton, trustee, resigned May 22, 1897, and on the same day Matthew J. Cummings was appointed trustee in place of said Moulton.

The first trust paragraph alone might well be construed to give to said William a vested interest in the income of said trust estate during his life, subject only to the discretion of the trustee as to the time of payment and limited under its provisions to ten dollars in any one payment. But, by the second trust paragraph, on the death of William, not only the trust estate, but the rents, profits, income, and interest then in his hands or possession are to be by the trustee conveyed and transferred to the mother of the testatrix if living, and if she is not then living, to others.

(1)   We must take the two paragraphs together. The discretion given to the trustee in the first trust paragraph is very broad,.

and the second paragraph still further enlarges it. We think the object of the testatrix was to leave the trustee practically' in *loco parentis*, giving him more than the usual discretion of a mere trustee. From the language of the second trust paragraph she evidently contemplated that all of the income might not be expended or paid to the beneficiary during his life, and in this: respect this case differs from any which has been cited to us. In *Hospital Trust Co.* v. *Noyes*, 26 R. I. 323, there was no direction that the accumulations of income should in any event go to the remainder-men, and the fund itself was to go to the beneficiary if he attained the age of twenty-five years. With such a discretion as is given here, we think the court ought not to interfere unless upon a showing of arbitrary wrong-doing amounting to a deprivation of the beneficiary of the benefits. of the trust. The refusal to pay the debts of the beneficiary does not seem to us such a circumstance as warrants our interference.

The bill must be dismissed.

*William H. Greene*, for complainant.

*John P. Beagan*, for respondent, trustee.