Hillsborough, }
Jan. 4, 1921. }

EMMA M. EATON, *Guardian, & a., v.* PERRY A. EATON, JR.; *& a.*

On a bill in equity by a libelant to reach funds held by the executor of a will under which the libelee is a beneficiary, the questions of the meaning of the will and of the duty of the trustee will not be decided pending an appeal from the probate of the will, but the suit will be continued to await the result of the appeal and the action of the trustee.

The discretion of a trustee is not arbitrary; but the court will not interfere until there is evidence of abuse.

BILL IN EQUITY, to reach funds held by the defendant Loveren as executor under the will of Perry A. Eaton, deceased. The plaintiff for herself and as guardian of her child Doris L. Eaton prays the court to order said executor to pay to the plaintiff out of the estate of Perry A. Eaton the sum of seven thousand dollars, which sum was awarded the plaintiff in her divorce suit against Perry A. Eaton, Jr., as alimony and for the support of said child.

Perry A. Eaton, Jr., has been defaulted. The defendants made a motion that the action be continued pending an appeal which has been taken from the probate of the will. The questions as to the plaintiff's right to reach said funds and as to the power of the court to instruct, direct or order the executor to pay the plaintiff said sum of seven thousand dollars out of said estate were reserved and transferred without a ruling from the May term, 1920, of the superior court by *Marble,* J. The facts are stated in the opinion.

*Taggart, Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendants.

PLUMMER, J.   Perry A. Eaton by his will gave his son, Perry A. Eaton, Jr., a definite bequest, and also made him a residuary legatee. Relative to the legacies to his son the testator made the following provision: "I direct, however, that all the property bequeathed or devised by me to my son Perry A. Eaton, Jr., shall be held in trust by my executor and be managed and controlled, invested and expended for the benefit of my said son as his needs may require, and at his decease I give, bequeath and devise the remainder thereof, if any, in equal shares to my granddaughter Doris L. Eaton, to my daughter Clara M. Eaton Favor and to my housekeeper Lydia J. Dow."

All that is bequeathed the son by the will is left in trust. The trust has not been established, and the executor is not yet, and may never be a trustee under the will, because the son has appealed from the allowance of the will by the probate court upon the grounds that the testator was of unsound mind when he signed it, and also that the execution of the will was procured by undue influence. The appeal is still pending. If the appellant prevails, and the will is found invalid upon either of the above grounds, the trust for the benefit of the son would fail, and there would be no further occasion for this action, and the bill would be dismissed. The court cannot order the executor to pay the plaintiff's claim against the son, before the estate has been settled by the executor, and the trust has become effective, and while the appeal is pending which has vacated the decree probating the will (*Mathes* v. *Bennett*, 21 N. H. 188, 203; *Bickford* v. *Franconia*, 73 N. H. 194) and may annul it, and destroy the trust.

The present case is similar to *Gebhard* v. *Lenox Library*, 74 N. H. 416; where a bill in equity was brought for the construction of a will while a petition was pending for its reëxamination in the probate court. In that case the court said: "The court is, therefore, asked to construe the provisions of a document purporting to dispose of the property of the deceased, while proceedings are pending which may show that its execution was invalid, and that the plaintiff has no title to the estate as executrix and no trust duties to perform. It does not appear that the advice sought will be of use to the plaintiff in the discharge of official duties. In such a case the court will decline to comply with the request for instructions."

If the appellant is not successful in his action brought to invalidate the will, and the trust is established, and the trustee refuses to pay the plaintiff's claim, then, and not until then, will the question arise whether the trustee has abused his discretion. The discretion of a

trustee is not arbitrary but is subject to revision by the court. *Abbott* v. *Abbott*, 76 N. H. 225; *Ellis* v. *Aldrich*, 70 N. H. 219, 222. But the court will not interfere until there is evidence of abuse. *Brock* v. *Sawyer*, 39 N. H. 547; *Edgerly* v. *Barker*, 67 N. H. 443, 448. The case should be continued to await the result of the appeal from the allowance of the will by the probate court, and the action of the trustee, if the will is sustained.

*Case discharged.*

All concurred.