(No. 15885.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
PEARL ALLEN *et al.* Appellees.

*Opinion filed June 17, 1924—Rehearing denied October 9, 1924.*

1. WILLS—*when gift, with direction for distribution in futuro, is vested.* Where a gift is made with direction to pay ·or distribute *in futuro,* such payment or distribution being postponed for the convenience of the fund or property, as where there is a prior gift for life or a bequest to trustees with a direction to pay upon the decease of the legatee for life, the gift in remainder vests at once and will not be deferred until the period in question.

2. SAME—*the general rule as to when a remainder is vested.* Wherever there is a present fixed right of future enjoyment, so that the remainder stands ready at all times to take effect in possession whenever and however the preceding estate comes to an end, the remainder is vested although it can take effect in possession only at a future period.

3. SAME—*what determines whether a remainder is contingent.* The uncertainty which determines that a remainder is contingent is not the uncertainty whether the remainderman will ever enjoy it but as to whether there will.ever be a right to such enjoyment.

4. SAME—*what does not operate to make remainder contingent.* Neither the fact that the enjoyment of the remainder is postponed to let in an estate for life nor that a condition subsequent exists, upon the happening of which the estate will be divested, will operate to make the remainder contingent.

5. INHERITANCE TAX—*when interest is vested and not subject to tax.* A provision for the distribution of the proceeds ·of an estate to the children of the testator, share and share alike, after the termination of a life estate in the testator's widow, the children of any child "who may be deceased to take its or their parent's share," creates vested interests in the several children at the testator's·death, and if such interests are worth less than $20,000 and the will makes no provision for the event of any child dying without children after the life tenant's death, they are not subject to an inheritance tax.

APPEAL from the County Court of Whiteside county; the Hon. WILLIAM A. BLODGETT, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, ROBERT W. BESSE, State's Attorney, VIRGIL L. BLANDING, and ALBERT D. RODENBERG, for appellant.

WARD, WARD & WARD, (A. J. SCHEINEMAN, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

December 12, 1922, John Allen, a resident of Whiteside county, died testate, leaving a widow and six children. By his will he gave to his widow all his personal property and a life estate in his real property. The remainder of the real property he devised to one of his daughters as trustee, with directions to convert the same into money as soon as practicable after the death of the widow. Out of the proceeds the trustee was directed to establish a trust fund for one of testator's daughters and to divide the residue among the other five daughters. The county court held that each of the five named daughters took a vested interest in the estate, and that each interest was worth less than $20,000 and therefore not subject to an inheritance tax. The Attorney General contends that the interests of the several children are contingent upon their surviving the life tenant, that in the event but one child survives the life tenant she would receive the entire remainder, and that under the provisions of section 25 of the Inheritance Tax law a tax should be assessed as if the entire remainder went to one child. He prosecutes this appeal to review the decision of the county court.

The sole question to be determined on this appeal is the character of estate granted by the following direction to the trustee: "The balance of the proceeds of such sales

shall be distributed by her between my children, Sarah A.
Turney, Nellie M. Eads, Fannie D. Eads, Mable J. Allen
and herself, share and share alike, the children of any of
my said children who may be deceased to take its or their
parent's share." That the interest created by this clause of
the will is vested has been decided by this court many times.
In *Hawkins* v. *Bohling*, 168 Ill. 214, there was a devise
upon trust for the husband for life, with a direction that
what real estate remained unsold at the time of the hus-
band's death be sold "and the proceeds of said sale to be
divided, share and share alike," between Ettie Bohling and
Margaret Craig. The latter died before the death of the
life tenant, and it was held that upon the death of the tes-
tatrix Margaret took a vested interest and that her children
were entitled to her share when the period of distribution
arrived. In *Knight* v. *Pottgieser*, 176 Ill. 368, there was a
devise to the testator's wife for life, and upon her death
"the same to go to and be divided amongst my children
and their descendants in equal shares, the descendant or de-
scendants of a deceased child to take the parent's share in
equal proportions." It was held that the children took
vested interests, because, though the gift arose wholly out
of the direction to distribute *in futuro,* yet such distribution
was deferred merely because of the presence of the life es-
tate and not for any reasons personal to the legatee. In
*Dee* v. *Dee,* 212 Ill. 338, after a gift to the testator's wife
for life, the will provided, "after the decease of my said
wife all my property, both real and personal, shall be di-
vided between all of my children, both boys and girls
equally, share and share alike." It was held that the only
purpose in postponing the division of the estate was that
the widow might enjoy it during her lifetime, and that the
remainder taken by the children was therefore vested at
testator's death. In *McComb* v. *Morford,* 283 Ill. 584, the
testator directed that all of his property be converted into
cash as soon after the death of his widow as the same could

be done without loss to his estate and that the proceeds be divided equally among his children, (naming them,) the children of a deceased child to take that child's share. Flossie Dunbar, a daughter of testator's deceased daughter, Almira, died after the death of the testator but before the death of the life tenant. It was held that the gift to this grand-daughter vested in interest upon the death of the testator and that its enjoyment in possession was postponed for the purpose of letting in the widow's life estate.

Though there be no other gift than in the direction to pay or distribute *in futuro,* if such payment or distribution appear to be postponed for the convenience of the fund or property, as where the future gift is postponed to let in some other interest where there is a prior gift for life or a bequest to trustees with a direction to pay upon the decease of the legatee for life, the gift in remainder vests at once and will not be deferred until the period in question. (*Scofield* v. *Olcott,* 120 Ill. 362; *Ducker* v. *Burnham,* 146 id. 9; Kales on Estates,—2d ed.—sec. 502.) Wherever there is a present fixed right of future enjoyment, so that the remainder stands ready at all times to take effect in possession whenever and however the preceding estate comes to an end, the remainder is vested. A future interest must necessarily await the determination of the preceding estate, but if it is always ready, throughout its existence, to turn into a present estate in possession whenever and however the preceding estate is determined, it is vested though it can only take effect in possession at a future period. The uncertainty which distinguishes a contingent remainder is not the uncertainty whether the remainderman will ever enjoy it, but the uncertainty whether there ever will be a right to such enjoyment. Neither the fact that the enjoyment of the remainder is postponed to let in an estate for life, nor that a condition subsequent exists upon the happening of which the estate will be divested, will operate to

make the remainder contingent. *Carter* v. *Carter,* 234 Ill. 507; *Calvert* v. *Calvert,* 297 id. 22.

To sustain his contention the Attorney General relies on *dicta* appearing in *People* v. *Jennings,* 44 Ill. 488, *Banta* v. *Boyd,* 118 id. 186, *Ebey* v. *Adams,* 135 id. 80, and *Barnes* v. *Johnston,* 233 id. 620. In all these cases the limitations involved provided substantially for a life estate, with a direction to the executor or trustee to sell and convert into personalty after the life tenant's death and to divide the proceeds among the testator's children, with an express gift over if any legatee died before the period of distribution to the legatee's children or heirs. In all these cases it was properly held that the children of a deceased legatee took the whole share of the legatee by virtue of the gift over and thereby cut out the spouse of the legatee and the devisees of the legatee. In none of the cases was it necessary to decide whether the gift to the children of the testator, standing alone, was subject to a condition precedent that they must for all purposes and under all circumstances survive the life tenant in order to take; yet there is language in each of the opinions which suggests that the gift was generally contingent upon the legatee surviving the period of distribution. (Kales on Estates,—2d ed.—secs. 504-507.) The *dicta* in these decisions are contrary to many decisions of this court where the question was directly involved, some of which we have cited above.

Under the terms of the will in question each of the five named children will receive one-fifth of the residue of testator's estate, and under no circumstances can one of them receive more. All of them were in being when the testator died, and all of them were ready to take possession of the remainder as soon as the life estate came to an end. In the event of the death of one of the children before the death of the life tenant that child's interest would vest in her children if she left children surviving; if not, her interest

would descend to her heirs. In no event will the interests be taxable in the estate of John Allen.

The judgment of the county court is affirmed.

*Judgment affirmed.*