(No. 16275.—Decree affirmed.)
CHRISTINE VOELLINGER *et al.* Defendants in Error, *vs.*
DINA KIRCHNER *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1924.*

1. WILLS—*when widow takes life estate with remainder to children.* Where a testator gives to his wife the use of all his property, both real and personal, for herself and such unmarried daughters as shall live with her, and in a subsequent clause gives to his children, share and share alike, all his real estate, to be possessed and enjoyed after the death of the widow, the widow takes a life estate in the real property although there is a provision for the payment of an annuity to her in the event the daughters leave her and a further clause appoints a trustee to invest the personal property and rent the real estate.

2. SAME—*when postponement of distribution does not make remainder contingent.* Where a testator gives to his wife the use of all his property, both real and personal, and devises the real estate to his children, a subsequent clause appointing a trustee to invest the personal property and rent the real estate during the life of the wife, with directions to distribute the assets after her death, does not make the remainder to the children contingent but is merely a provision for the convenience of the estate.

3. SAME—*restraint on alienation of remainder is void.* Where a testator gives his wife a life estate with remainder to his children, a provision that the estate devised to the children "shall not be sold until after the death" of the wife is void as a restraint upon alienation.

4. SAME—*remainderman is entitled to partition.* Equity will not award partition where a condition or restriction is imposed upon the estate by the one through whom the complainant claims, but the mere fact that the particular estate has not expired is not a valid objection to partition, as it is not necessary that the complainant be entitled to possession.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

BARTHEL, FARMER & KLINGEL, for plaintiffs in error.

P. K. JOHNSON, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Jacob Voellinger died testate, possessed of certain real estate situated in St. Clair county. The following are the provisions of his will material to a decision of this case:

*"First*—I give and bequeath unto my wife, Christine Voellinger, all my estate, real and personal, * * * for the use of herself and such of my unmarried daughters as shall remain with her and as long as they, or either of them, remain with their said mother, but in case my said daughters shall make and take up other homes for themselves and leave their mother, then in that case my wife shall have an annuity of $600 per year, payable to her in semi-annual installments. I further direct, however, that in case, by reason of sickness or any other cause, my wife should require more than $600 per annum, a sum shall be added to said sum which shall be sufficient for the comfortable support and maintenance of my said wife.

*"Second*—Subject to the provisions in clause 1 for my wife, I give and devise all my real estate to my own children and to my step-son, Joseph Voellinger, the son of my wife, and to my grand-daughter, Martha V. Mental, daughter of my deceased daughter, Elizabeth Mental, to be equally divided between them, share and share alike. * * *

*"Third*—My real estate devised to my children, my grand-daughter and my step-son shall not be sold until after the death of my wife, and shall not become their property, so as to be by them possessed or enjoyed, until after the death of my wife. * * *

*"Fifth*—I further will and devise that upon the settlement of the administration of my estate by my executors herein named in another clause of this will, that my friend Lucius D. Turner, son of my deceased friend Lucius D. Turner, be and I hereby appoint him trustee to take charge of all personal assets and real estate shown by such settle-

ment to belong to my estate, and he is hereby authorized to invest and keep invested such personal assets and collect the rents of the real estate, and after payment of the taxes, insurance and necessary repairs, to pay the net proceeds to my wife, in accordance with the provisions of clause 1 of this will, during her natural life, and after her death to distribute the assets in his hands to the persons entitled thereto, as is provided in clause 2 of this will." * * *

The widow and three of testator's children filed a bill in the circuit court of St. Clair county for the partition of the lands and made the other children and descendants of deceased children defendants. A demurrer to the bill was overruled and a decree entered in accordance with the prayer of the bill. The cause is here on writ of error.

Plaintiffs in error contend that the decree should be reversed because the interests of the parties are not properly set out in the bill, and because, under the provisions of the will, the lands are not subject to partition until the determination of the particular estate. The bill states, and the decree holds, that under the will the widow took a life estate in the lands and the children a vested remainder in fee.

Plaintiffs in error contend that the estate of the widow is not a life estate but that she has an estate subject to such contingencies that it may be more or less than a life estate. They contend that the daughters living with the widow have an interest in the income from the property and that the widow is under obligation to maintain them as long as they live with her. It is further contended that under the will the *corpus* of the estate may be consumed to provide for the widow and the daughters remaining at home, and that for that reason the interests of the children are contingent.

Our first duty is to determine the intention of the testator as expressed in his will. We think it clear that he intended to give to his widow a life estate in all his property, with power to use so much of the income as was necessary to maintain herself and such of her daughters as

lived with her on the premises, and, in the event she was left alone, an annuity of $600 a year, and such additional sum as was necessary to make her comfortable, was to be paid from the income, and, if necessary, the *corpus* of the property; that subject to this life estate in the widow the children were to have the remainder in fee, without the right to sell, possess or enjoy their estate until the termination of the life estate, and that the trustee named was to manage the estate for the widow during her lifetime and make distribution among the remaindermen at her death. The testator did not bequeath the income of his property to his widow as a trustee for herself and the daughters that remained with her, to be divided among them, but he gave all his property to the widow for life, to be controlled by her, as he had controlled it, for the benefit of herself and the children at home. The estate passing to the widow under the will was a simple life estate. (*Dee* v. *Dee,* 212 Ill. 338; *Bryan* v. *Howland,* 98 id. 625.) The fact that the gift to the children was made with directions to distribute *in futuro* does not make their interest contingent. It is clear from the language of this will that the distribution was postponed for the convenience of the property, and so the gift in remainder vested at the death of the testator. (*People* v. *Allen,* 313 Ill. 156.) The restraint on alienation contained in the third clause of the will is void. (*McIntyre* v. *Dietrich,* 294 Ill. 126; *Davis* v. *Hutchinson,* 282 id. 523; *Little* v. *Bowman,* 276 id. 125; *Muhlke* v. *Tiedemann,* 177 id. 606.) In order to maintain a suit for partition it is not necessary that the complainant claiming an interest in the premises as tenant in common should be entitled to possession. (*Champion* v. *Spurck,* 302 Ill. 241; *Mechling* v. *Meyers,* 284 id. 484.) The fact that the particular estate has not expired is not a valid objection to partition. (*Drake* v. *Merkle,* 153 Ill. 318; *Scoville* v. *Hilliard,* 48 id. 453.) Equity will not award partition in the suit of one in violation of his own agreement or in violation of

314—26

a condition or restriction imposed upon the estate by one through whom he claims. (*Dee* v. *Dee, supra.*) But there is no such agreement, condition or restriction in the case at bar. Defendants in error were entitled to a decree of partition.

The decree of the circuit court is affirmed.

*Decree affirmed.*