(No. 16823.—Decree modified and affirmed.)
ROBERT W. MARTIN *et al.* Appellants, *vs.* JAMES B. Mc-
CUNE *et al.*—(WILLIAM S. WELCH, Appellee.) .

*Opinion filed October 28, 1925—Rehearing denied December 3, 1925.*

1. WILLS—*when interests of beneficiary under trust provision vests at testator's death—bankruptcy.*  Under a will directing that all the testator's estate be held in trust and that the trustee distribute the income to certain beneficiaries until his daughter arrives of age and then to sell and distribute the proceeds to said beneficiaries, all of whom survive the period of distribution, if the time for distribution has arrived at the time of the testator's death the interest of the beneficiaries is vested at the testator's death, and a trustee in bankruptcy of one of the beneficiaries takes title to said beneficiary's interest.

2. SAME—*mere postponement of distribution does not render estate contingent.*  The mere fact that the distribution of an estate is postponed does not render the estate of the beneficiary contingent, and where the postponement is for the convenience of the property and not for reasons personal to the legatees the gift vests at the death of the testator.

3. SAME—*estate will be deemed vested in absence of language showing contrary intention.*  The law favors the vesting of estates, and an estate granted under a will will be deemed to vest upon the death of the testator unless words are found in the will clearly manifesting an intention of the testator that the estate granted shall not vest except upon the happening of a certain contingency.

4. SAME—*where will gives trustee discretion in matter of sale court should not specify terms.*  Where a will directs a trustee to sell as soon "as practicable all of the real estate devised to him, either at public or private sale, upon such terms as he shall think best," the court should not interfere with the discretionary power of the trustee by specifying the terms of sale, where the trustee is acting in good faith.

5. TRUSTS—*remedy for breach of trust or neglect of trustee.*  The remedy for a breach of trust or a failure of the trustee to perform his duty is his removal and the appointment of a new trustee and not the setting aside of the instrument creating the trust.

APPEAL from the Circuit Court of Will county; the
Hon. FREDERICK A. HILL, Judge, presiding.

SNAPP, HEISE & SNAPP, and J. WALTER MARTIN, for appellants.

LAGGER & BLATT, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

George W. McCune died testate November 11, 1915, leaving surviving eight children and the child of a deceased daughter as his heirs. By his will he named Robert W. Martin trustee, with power to manage his property, collect the income and distribute it among the testator's heirs, and in his discretion to sell the property and divide the proceeds. The will was duly admitted to probate, and Martin filed his bill in the circuit court of Will county setting forth the will in full, stating the names of the heirs, and requesting the court to appoint him trustee. The decree he requested was entered and the trustee filed an inventory of the estate. The trustee has continued to administer the trust estate under the will until the present time and has made distribution of the net income from time to time. January 30, 1922, Lester A. McCune, one of the legatees under the will, was adjudged a bankrupt, and William S. Welch, appellee, was appointed trustee of his estate. July 26, 1922, appellee filed an intervening petition in the chancery proceeding, asking the court to enter its order declaring that an undivided one-ninth interest of the trust estate held by Martin is vested in Lester A. McCune, and that he, as trustee in bankruptcy, has succeeded to all the right, title and interest of McCune in the trust estate, and that the trustee be directed to sell and dispose of the trust estate and pay over to him, as trustee in bankruptcy, one-ninth of the net proceeds. Trustee Martin and all of the legatees under the will of George W. McCune answered the petition of appellee, denying that the interest of Lester A. McCune in his father's estate became vested in him at the time of the

death of his father and denying that such interest is now vested in the trustee in bankruptcy. February 19, 1925, an order was entered granting the prayer of the petition. This appeal followed.

The first question presented for consideration is whether the interest of Lester A. McCune vested in him at the time of testator's death. This question involves a construction of the sixth clause of the will, the pertinent provisions of which read as follows:

"*Sixth*—I give, devise and bequeath all of my real estate * * * to Robert W. Martin, * * * to be held in trust by him until my daughter, Marguerite McCune becomes eighteen years of age, or until her death, in case she should die prior to becoming eighteen years of age, (which said time I hereby designate as the time for distribution of the proceeds arising from the sale of said lands devised in trust to said Robert W. Martin) and said real estate shall be held in trust by him after such time until he has disposed of it as hereinafter directed in this, my will, all of which real estate shall be held by him for the following uses and purposes, to-wit: (*a*) He shall, during the time of the trust herein created, take possession of all of my real estate, manage and rent the same; shall collect all rents, issues and profits therefrom; shall make all necessary repairs and pay all taxes, assessments or legal impositions levied or assessed thereon. * * * (*b*) The remainder of the net income, if any, derived from my said real estate shall be divided annually, the first division to be made one year after my death, by said trustee into nine equal shares, and I give and bequeath one of said shares to each of my following named children, to-wit: * * * Lester A. McCune. * * * (*c*) Upon Marguerite McCune becoming eighteen years of age, or upon her death, in case she should die prior to becoming eighteen years of age, I hereby order and direct my said trustee to sell as soon thereafter as practicable all of the real estate devised to him, either at pub-

lic or private sale, upon such terms as he shall think best, * * * and I order and direct said trustee to divide the proceeds from the sale of my said real estate into nine equal shares, and I give and bequeath one of said shares to each of my following named children, to-wit: * * * Lester A. McCune. * * * (d) In the event of any of my said children * * * dying prior to the time fixed herein for the distribution of the net income or the proceeds arising from the sale of my said real estate devised in trust as aforesaid, leaving issue him or her surviving, then in such case the issue of the one or ones dying shall take and receive the share or portion of the proceeds under this, the sixth clause of my will, which the parent would have been entitled to if living. But in the event of any of my said children * * * dying prior to the time fixed herein for distribution of the net income or the proceeds arising from the sale of my said real estate devised in trust as aforesaid, without leaving him or her issue surviving, then in such case the share or portion of the proceeds which such deceased child * * * would have been entitled to if living, under this, the sixth clause of this, • my will, shall be divided share and share alike among the remainder of my said children, * * * Lester A. McCune, * * * who are living at the time herein fixed for distribution of the proceeds arising from the sale of said real estate devised in trust to said Robert W. Martin."

The daughter, Marguerite McCune, became eighteen years of age July 3, 1914, sixteen months before the death of the testator. Therefore, under the terms of the will, the time for the distribution of the proceeds arising from the sale of the lands devised in trust to Martin had arrived and it was the duty of the trustee to proceed within a reasonable time to exercise the power vested in him. (*Vierieg* v. *Krehmke*, 293 Ill. 265; 2 Perry on Trusts,—5th ed.—443.) All of the legatees named in the will survived the time fixed in it for the distribution of the proceeds of the trust

estate. The persons to whom the proceeds arising from the sale of the trust estate were to go being known and the time for the distribution of the estate having arrived at the time of the death of the testator, the interest of each of the beneficiaries named in the sixth clause of the will vested. (*Baley* v. *Strahan,* 314 Ill. 213; *Carter* v. *Carter,* 234 id. 507.) The legatees entered into the immediate enjoyment of the estate by the bequest of the income, and the gift of the income indicates an intention that the bequest shall vest at once. (*Bush* v. *Hamill,* 273 Ill. 132; *Mettler* v. *Warner,* 243 id. 600; *Armstrong* v. *Barber,* 239 id. 389.) The only event postponing the actual distribution of the trust estate is the conversion by the trustee of the estate into cash so that the proceeds can be distributed. This postponement is for the convenience of the property and not for reasons personal to the legatees, and where such is the case the gift vests at the death of the testator. (*Voellinger* v. *Kirchner,* 314 Ill. 398; *Pearson* v. *Hanson,* 230 id. 610.) The law favors the vesting of estates, (*Sheridan* v. *Blume,* 290 Ill. 508; *Kohtz* v. *Eldred,* 208 id. 60; *Kellett* v. *Shepard,* 139 id. 433;) and the estate granted under a will will be deemed to vest upon the death of a testator unless words are found in the will clearly manifesting an intention of the testator that the estate granted shall not vest except upon the happening of a certain contingency. (*Dustin* v. *Brown,* 297 Ill. 499; *Hull* v. *Hull,* 286 id. 75; *Knight* v. *Pottgieser,* 176 id. 368.) The mere fact that the distribution is postponed does not render the estate of the beneficiary contingent. (*People* v. *Allen,* 313 Ill. 156; *Scofield* v. *Olcott,* 120 id. 362.) It is clear that the undivided one-ninth interest in the trust estate devised to Martin vested in Lester A. McCune upon the death of the testator, and that the trustee in bankruptcy upon his appointment became vested with the title to this interest and is entitled to an order directing trustee Martin to sell the trust estate and pay over to him the share of the bankrupt.

The will directs the trustee "to sell as soon as practicable all of the real estate devised to him, either at public or private sale, upon such terms as he shall think best." The order from which this appeal is taken directs the trustee to "proceed with all due diligence, consonant with the exercise of good judgment, *to actually convert said trust estate into cash, and that in making the sale of the real estate, now being administered by him, said trustee shall proceed to publish notice of such sale, giving the time, place and terms of the sale, such notice to be published at least once each week for three successive weeks in some daily or weekly newspaper published, printed and of general circulation in Will county, Illinois, and by such other notice as to said trustee shall seem proper; and that such sale shall be for cash, ten per cent of the successful bid payable on the date of the sale,* and such sale shall be subject to the approval of the court."

Where, as in this case, a power is coupled with a trust, a court of equity will compel the execution of the power on the same principle on which courts of equity will enforce any trust, (*People* v. *Kaiser,* 306 Ill. 313,) but where discretion is vested in the trustee by the instrument creating the trust and the trustee is acting *bona fide,* the court order must be limited to a mere direction to exercise the power. The court by the order entered in this case abridged the discretionary powers of the trustee conferred upon him by the will creating the trust and consequently interfered with him in the exercise of such powers. So long as the trustee is exercising the discretionary powers conferred upon him honestly and reasonably, a court of equity has no right to interfere. (*Fischer* v. *Butz,* 224 Ill. 379; *Baer* v. *Kahn,* 131 Md. 17, 101 Atl. 596; *Dubois* v. *Barbour,* 27 R. I. 281, 61 Atl. 752; *Càspari* v. *Cutcheon,* 110 Mich. 86, 67 N. W. 1093.) If the court should interfere while the trustee is acting *bona fide* it would be a substitution of the discretion of the court for that of the trustee, contrary to the will of

the testator.   (*Shelton* v. *King,* 229 U. S. 90, 33 Sup. Ct. 686.)   When the trustee abuses the discretion placed in him, if he ever does, is the time for a court of equity to interfere.   (*Jones* v. *Jones,* 124 Ill. 254;  *Eaton* v. *Eaton,* 80 N. H. 34, 112 Atl. 383.)   The remedy for a breach of trust or a failure to perform his duty by the trustee is his removal and the appointment of a new one and not the setting aside of the instrument creating the trust.   (*Brower* v. *Callender,* 105 Ill. 88.)   There being no suggestion in this proceeding that the trustee appointed by the testator is not acting in good faith the court should not have fixed the terms of the sale.   That part of the decree which is quoted above in italics is stricken from the decree and in lieu thereof are inserted the words, "to sell the real estate devised to him."

The decree as modified is affirmed.

*Decree modified and affirmed.*