*In re* JENKINS' ESTATE.

APPEAL OF SMITH.

1. TRUSTS—DUTY OF TRUSTEE—GOOD FAITH REQUIRED.

It is trustee's duty to act in good faith and exercise sound judgment in investment of moneys in his hands as trustee.

2. SAME—DUAL CAPACITY—SELF-INTEREST CONFLICTING WITH DUTY.

Where trustee loaned trust funds to corporation in which he was stockholder and of which he was treasurer, taking as security therefor mortgages on lots, he placed himself in position where his self-interest conflicted with his duty as trustee, and such investment will be scrutinized more closely by court than if made in usual course of business.

3. SAME—INVESTMENT OF TRUST FUNDS IN REAL ESTATE MORTGAGES—CARE REQUIRED.

While real estate mortgages are favored for investment of trust funds, it becomes trustee's duty to satisfy himself as to its value and availability for purpose of sale in case of foreclosure, and its location and character of buildings thereon must also be considered.

4. SAME—INVESTMENT DISAPPROVED.

Where trustee loaned trust funds to corporation in which he was stockholder and of which he was treasurer, taking as security therefor mortgages on lots in large subdivision on outskirts of city, on which were erected temporary buildings, removal of which was required by restrictions within year, said investment was properly disapproved by court.

5. PRINCIPAL AND AGENT—POWER OF ATTORNEY.

Power of attorney to collect interest on trust fund did not authorize approval of investments, and such approval, if given, would not bind principal.

Appeal from Wayne; Pugsley (Earl C.), J., presiding. Submitted October 12, 1932. (Docket No. 86, Calendar No. 36,759.) Decided December 6, 1932.

As to care demanded of trustee to sell real estate, see annotation in 3 L. R. A. (N. S.) 415.

Matter of estate of Isaac Jenkins, deceased. Raymond H. Smith presented his account as testamentary trustee to the probate court. Nellie M. Remer and another, beneficiaries, filed objections thereto. From order disallowing a certain credit, trustee appealed to circuit court. Judgment affirmed. Trustee appeals. Affirmed.

*Lyle G. Younglove* and *Harry H. Wait,* for appellant.

*George K. Williams* and *Edward H. Kennedy, Sr.,* for appellees.

SHARPE, J. It is conceded that under the last will and testament of the deceased there came into the hands of Raymond H. Smith, hereafter called the defendant, $16,330 as trustee for Nellie M. Remer, the beneficiary named therein. Of this sum he loaned $12,300 to the Perry Park Company, a corporation, receiving therefor 10 promissory notes of $1,230, each note being secured by a mortgage on a lot in a subdivision of the city of Pontiac.

On November 20, 1931, he filed an account as trustee in the probate court of the county of Wayne, charging himself with the $16,330 and crediting himself with disbursements, among which was the money paid to the Perry Park Company, $12,300. Objections to its allowance were filed by the attorney for Nellie M. Remer, and, after a hearing thereon, the credit therefor was disallowed. The trustee thereupon appealed to the circuit court, where, on June 4, 1932, so far as is here material, the order of the probate court was affirmed, and the trustee found to be indebted to the trust estate in the sum of $13,508.88. From the judgment so entered the defendant has taken this appeal.

It appears that, at the time the loan was made, the defendant was a stockholder in, and treasurer of, the Perry Park Company and the owner of one-third of the stock in Bassett & Smith, a corporation that purchased the lots in question with others and sold them to the Perry Park Company. It will thus be seen that in the making of these loans he was acting in a dual capacity. It was his duty to act in good faith and exercise a sound judgment in the investment of the moneys in his hands as trustee. *Caspari v. Cutcheon,* 110 Mich. 86; *Chambers v. Chambers,* 207 Mich. 129; *In re Buhl's Estate,* 211 Mich. 124 (12 A. L. R. 569). It was to the interest of the Perry Park Company, of which he was treasurer, to secure a loan on its lots on the most favorable terms. He thus placed himself in a position where his self-interest conflicted with his duty as trustee. Under such circumstances the investments made by him will be scanned with closer scrutiny than if made in the usual course of business by a trustee.

We think it may be well said that mortgages on real estate are favored for such investments. When application therefor is made to a trustee, it becomes his duty to satisfy himself as to its value and its availability for the purpose of sale in case of foreclosure. Its location and the character of the buildings thereon must be considered. These lots were located in a large subdivision on the outskirts of the city of Pontiac. On each of them was erected a frame cottage 20 x 20 feet in size, placed on cement posts, without basement, sewer, toilet, bathroom, furnace, water, or gas. Plaster board was used on the inner walls. They were of temporary construction. The restrictions required the removal of all buildings costing less than $3,000 on January 1, 1930. The mortgages were executed on April 1, 1929, and

recorded on April 22, 1929. The defendant gave his check, as trustee, therefor, payable to the order of the Perry Park Company, and indorsed and deposited the same as treasurer of that company.

The defendant relies upon an appraisal of the lots, made at defendant's request by Vern C. Markley, a man engaged in the real estate business at Pontiac, who placed a valuation of $2,200 on each lot. He stated that the price so fixed "would be a fair sale price on land contract," and that "the usual discount on land contracts in the event of sale of land contracts was from 20 to 25 per cent." It does not appear that he knew of or took into consideration the temporary nature of the structures as above referred to. It appeared that these lots had all been sold on land contracts for an average of $2,290, with a down payment of from $100 to $300 on each. No testimony was offered as to the cost of the houses.

The trial court found that: "Such an investment under such circumstances cannot meet the approval or justification of any court," and with this finding we are in accord. These temporary structures, which had to be removed within less than a year, did not add sufficient value to the lots to justify the defendant, if acting in good faith and in the exercise of a sound judgment, uninfluenced by his personal interest in the matter, in making these loans out of the trust moneys in his hands.

It appears that Grace Frey, of Newark, New York, held a power of attorney from Nellie M. Remer, authorizing her to collect the interest from this trust fund, and defendant claims that she ratified the investments made. Under the power of attorney Mrs. Frey's authority was limited to the collection of "all moneys due" under the will of the deceased. She was not empowered to approve of the invest-

ments, and had she, or her representative done so, which we do not find to be the fact, Miss Remer would not have been bound thereby.

The judgment is affirmed, with costs to appellee.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.