*In re* McCLUNG'S ESTATE.

COBB *v.* McCLELLAND.

1. TRUSTS—TRUSTEE'S ACCOUNTING—BAD INVESTMENTS.
   Disallowance of item in trustee's final account is affirmed on appeal where trustee who was also bank cashier paid from trust funds face value for vendor's interest in land contract on which payments and taxes were badly in default and has since proven a bad investment and proceeds were used to satisfy vendor's indebtedness of nearly equal amount to bank.

2. SAME—PROPER INVESTMENTS.
   Allowance of items in trustee's final account is not disturbed on appeal where investments had been made by testator and his brother, the *cestui que trust,* trustee was not prompted by improper motives in making such investment and it is not shown substantial loss will result.

3. SAME—COMPENSATION OF TRUSTEE.

Compensation of trustee allowed at $300 for trust continued over period of eight years and eight months and involving investment of $20,000 is not disturbed on appeal of trustee where he failed to file annual accounts, made some questionable investments and failed to use requisite degree of care (3 Comp. Laws 1929, § 15896).

·Appeal from Oakland; Perkins (Willis B.), J., presiding. Submitted April 17, 1934. (Docket No. 116, Calendar No. 37,776.) Decided June 4, 1934.

In the matter of the estate of William A. McClung, deceased. Thomas H. Cobb, testamentary trustee, presented his final account. Annie McClelland and other *cestui que trustent* objected thereto. From account as allowed, all parties appealed to the circuit court. Affirmed. All parties appeal. Affirmed.

*Pelton & McGee,* for trustee.

*Patterson & Patterson,* for objectors.

NORTH, J. Thomas H. Cobb served for approximately eight years as the trustee of a trust created by the last will and testament of William A. McClung, deceased. Administration of the trust estate involved investment, preservation and accounting for approximately $20,000. The trust was terminated by the death of the beneficiary, and thereupon an accounting was had between the trustee and those who were then entitled to the trust fund, as provided in the will of William A. McClung. From the final order in this accounting made in the probate court an appeal was taken to the circuit court. The probate order was affirmed. Thereupon the trustee ap-

pealed from the judgment entered in the circuit court; and the heirs have perfected a cross-appeal.

*Main appeal:* Aside from the trustee's compensation, only one item of the accounting is involved in the main appeal. In 1924 one Robert D. Bird owned the vendor's interest in a land contract on which there was unpaid $3,740 as of September, 1932. Mr. Cobb bought this contract of Bird with trust funds, paying full face value therefor. At that time Bird owed approximately $3,500 to the First State Savings Bank of Birmingham. Cobb was cashier of the bank. Bird paid the bank out of the trust funds which he had received from Cobb for the vendor's interest in the land contract. Taxes on the property were in arrears at the time of this transaction. It appeared at the time of the trial in the circuit (September 26, 1933) that all taxes subsequent to 1927 were unpaid and the payments due on the land contract were then badly in default, the last payment having been made August 18, 1929. Clearly this land contract is an undesirable investment, and this at least was somewhat apparent at the time Mr. Cobb purchased it with the trust funds. His duty to collect indebtedness due his bank was antagonistic to the duty he owed the trust estate. When he acted in such dual capacity, he subjected himself to criticism and suspicion. 24 C. J. p. 114; *In re Jenkins' Estate,* 260 Mich. 518. It is a fair inference from this record that primarily the trustee made this investment, which has proven to be a bad investment, for the benefit of his bank rather than for the benefit of the trust estate. The disallowance of this item in the accounting of the trustee is approved.

*Cross-appeal:* Cross-appellants object to the allowance of four items totalling $5,100, all four of

which were allowed in favor of the trustee both by the probate judge and again by the circuit judge on appeal. Recital of lengthy details of these transactions is not at all necessary. Suffice it to note that at the time of his death William A. McClung owned a one-half interest in each of these items which consisted of three real estate mortgages and one unsecured note of $300. The other one-half interest belonged to the brother, James McClung, for whose benefit this trust was created. There is no showing that the trustee was prompted by any improper motive in making these investments, nor is it at all certain that any substantial loss will result therefrom. In this record we do not find just cause for disturbing the holding of the circuit judge, who, like the probate judge, allowed these items in the trustee's final account.

*Trustee's compensation:* It is the claim of the trustee that he is entitled to compensation at the rate of $300 per year during the continuance of the trust (January 14, 1924—September 10, 1932), totalling $2,600. His compensation was fixed at $300. The trustee makes no claim of being entitled to compensation for extraordinary services. He failed to file annual accounts, made some questionable investments, and to some extent failed to use the degree of care and caution which the faithful discharge of his trust made requisite. There is a statutory provision relative to compensation of trustees appointed incident to testamentary trust. 3 Comp. Laws 1929, § 15896. There are obvious difficulties to applying the statutory provision in fixing compensation of the trustee in the instant case. We find no reason for disturbing the amount fixed in the courts below.

The judgment entered in the circuit court is affirmed and the case remanded. No costs will be awarded on this appeal.

Nelson Sharpe, C. J., and Potter, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.