(No. 26318.—

ELIZABETH FRIESE *et al.* Appellants, *vs.* GEORGE R. FRIESE *et al.* Appellees.

*Opinion filed March 16, 1942.*

EDWARD SAGER, for appellants.

PETER D. GIACHINI, for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

When this cause was here on a previous appeal, a decree of the superior court of Cook county was affirmed which directed the trustee to make distribution of the *corpus* of the trust, which included real estate, within fifteen days, and in the event of his failure to comply with such order, the master was to vest the title by conveyance in the beneficiaries, each beneficiary to receive an interest in proportion to the interest he held in the trust. (373 Ill. 216.) After the cause was redocketed, the partition feature of the litigation proceeded to the appointment of commissioners, a report by them finding that the premises were indivisible, and their value was $9500. The commissioners' report was approved and on September 3, 1940,

a decree was entered which directed the master in chancery to sell the real estate at public vendue to the highest bidder, provided the bid should be equal to at least two thirds of the valuation fixed by the commissioners. The decree directed the master to execute and deliver a deed of conveyance to the purchaser upon confirmation of the report of sale.

The real estate was subject to a mortgage indebtedness of $3000 due April 1, 1940, which was held by appellee, Nancy Kelley. Default was made in the payment of principal and interest, and on May 13, 1940, the holder started a foreclosure suit in the circuit court of Cook county. On June 5, the foreclosure action was consolidated with this suit. The decree of sale entered in the partition suit does not disclose what provision, if any, was made for the payment of the mortgage indebtedness out of the proceeds of the sale, but no question is raised on this appeal as to that matter. The property was encumbered with the taxes for the years 1934-1940, inclusive. No reference was made as to whether the property was to be sold subject to the taxes or disencumbered of the same.

The real estate was sold October 1, 1940, to Nancy Kelley on her bid of $6400. On the day of sale she paid $500 to the master in chancery on the purchase price. The master prepared a report and signed it the same day the sale was held. . He delivered the original to the attorney for plaintiffs-appellants. At the same time he sent a copy of the report to each of the other parties to the proceeding.

The report as presented by the master in chancery recited the giving of notice of sale, that he offered the premises for sale at public vendue for cash, the manner of the offer, and that the real estate was struck off and sold to Nancy Kelley on her bid of $6400. The report recited the receiving of $500 to apply on the purchase price and contained the recommendation of the master that the sale be approved. The original report was retained by plain-

tiffs' attorney and not filed in the office of the clerk until March 28, 1941.

On October 22, 1940, the court entered a decree approving the report of sale, which decree had been presented to the court by the attorney for Nancy Kelley. It recites the finding of the court that the master in chancery had proceeded with the sale in due form of law, in accordance with the term of the decree, and that the sale was fairly made. The master was directed to execute and deliver a deed conveying the premises to Nancy Kelley. The concluding paragraph of the decree was that the master in chancery was empowered to pay all outstanding delinquent taxes on said lands out of the proceeds of the sale. The matter was re-referred to the master for the purpose of determining the amount of costs, expenses and fees and for an accounting of rents.

On December 27, 1940, the attorney for plaintiffs-appellants gave notice that they would appear before the court on December 30 and move for an order in accordance with the prayer of a petition, a copy of which was attached to the notice. The matter was continued until January 6, 1941, at which time the petition was filed in the court. Plaintiffs-appellants' petition alleged the fact of the sale to Nancy Kelley, her deposit of $500 on the purchase price, preparation of the report by the master, delivery of the original to the attorney for plaintiffs-appellants, and the presentation to the court of a decree approving the sale by the attorney for Nancy Kelley. It is charged that no notice was given plaintiffs-appellants of the presentation of the decree approving the report. It contains an allegation, which is a mere conclusion and has no facts to support it, that the property involved in this proceeding was sold for a considerable sum less than its true value. The prayer was that the decree approving the report of sale be set aside on the grounds (a) that they had no notice of the presentation of the decree, and (b)

that the purported decree does not conform or comply with the terms and provisions of the sale of the property involved, in that the said purported decree approving the sale provides that all of the delinquent taxes levied against said premises, which amounted to more than $2000, should be paid out of the purchase price. Petitioners prayed that the $500 be refunded to Nancy Kelley and the master in chancery be directed to readvertise the premises for sale at a future date. Separate answers were filed by Nancy Kelley and the other beneficiaries under the trust. The cause was submitted to the court upon the petition and answers, and an order was entered denying the prayer of the petition. Plaintiffs-appellants appealed from the order direct to this court, evidently on the theory that a freehold is involved.

Plaintiffs-appellants' petition did not question the interests of the parties in the real estate as set forth in the decree of partition. The petition is limited to the decree which approved the master's report of sale. It will be observed that that decree dealt with two subject matters: (a) it approved the sale, (b) directed the master in chancery to pay the taxes out of the proceeds. If plaintiffs-appellants' petition attacked that part of the decree which approved the sale, then the freehold title which Nancy Kelley will acquire by the master's deed would be involved. But the petition does not contain any allegation which would support a conclusion that it was an attack upon the sale. It is true that it was alleged that the land sold for less than its full value but that is the pleading of a mere conclusion. No other facts were pleaded and no evidence was taken in reference to the inadequacy of the sale price. The petition charges that plaintiffs-appellants had no notice that Nancy Kelley was going to present the decree to the court for entry. It may be that there was irregularity in such presentation of the decree but plaintiffs-appellants do not claim that if notice had been given they would have

interposed any objection to the approval of the report of sale, nor do they show how their interests have been affected by the sale. Their objection is directed solely to that part of the decree which orders the master to pay the taxes from the proceeds of the sale. Such an issue does not involve a freehold. It makes no difference to the title which Nancy Kelley would acquire by a master's deed whether the issuable matter in plaintiffs-appellants' petition is granted or denied, for in either event she would retain the title.

Since there is no freehold involved, this court is without jurisdiction, and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*