(No. 25337.—

ELIZABETH FRIESE *et al.* Appellees, *vs.* GEORGE R. FRIESE *et al.* Appellants.

*Opinion filed February 21, 1940.*

GUSTAVE E. RIEDL, and CHARLES L. BARRETT, (HAROLD M. KAUFMANN, of counsel,) for appellants.

EDWARD SAGER, (OSCAR H. GREEN, of counsel,) for appellees.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

From the pleadings and the evidence it appears that on October 27, 1932, Louise Brunner conveyed a parcel of im-

proved real estate in Chicago to Edward E. and George R. Friese, as trustees, and, on the same day, the settlor and the trustees executed a trust agreement. The agreement designated Meta Friese Koch the sole beneficiary during her life and named as successor beneficiaries her three children, Edward E. Friese, George R. Friese and Alma Dreppenstaedt, who, it was provided, should share alike. The intention of the parties, and the purpose of the agreement, it is expressly declared, is "that the beneficiaries hereunder shall have a beneficial interest only, that their interests be personal property, and that they have a beneficial interest only in the net income, proceeds and avails which may come into the hands of the trustees, or their successors in trust, through sales, leases, assignments or other dispositions, conversions or uses of the trust property or any part thereof." Full power was granted to the trustees to sell and convert the trust property into cash or other personal property, and to distribute the net proceeds to the beneficiaries, and, in the meantime, to manage, operate, improve, protect and maintain the property. The ninth article of the agreement provides for the termination of the trust one year from the date of death of Meta Friese Koch, at which time it is provided the *corpus* of the trust and the accumulated net income and avails shall be divided *pro rata* among the then existing beneficiaries. "If, however," article 9 further ordains, "an economic depression then exists, so that the *corpus* of the trust would suffer an appreciable shrinkage by selling or disposing of the same at that time, then this trust shall continue in existence until in the opinion of the trustees such economic depression shall have passed. In no event, however, shall this trust continue for more than two years from and after the date of the death of Meta Friese Koch. In any event it must positively terminate at and upon the expiration of two years from and after the date of death of Meta Friese Koch. For the purpose of making any distribution of the *corpus* of the trust property, the trustees are authorized and empowered to value and appraise any

or all of said trust property and to distribute the same in kind or in cash, or partly in kind and partly in cash, as they may deem advisable; and any such valuation or appraisal shall be conclusive and binding."

The initial beneficiary, Mrs. Koch, died on April 8, 1934, leaving surviving as her only heirs-at-law her three children, the successor beneficiaries. The *corpus* of the trust, it affirmatively appears, was intact on April 8, 1936. Subsequently, on June 1, 1936, Edward E. Friese filed a complaint in the superior court against the defendants, George R. Friese and Alma Dreppenstaedt, seeking, among other relief, specific performance of the agreement by George R. Friese, as trustee, and an accounting. Edward Friese died on June 23, 1936, leaving his widow, Elizabeth, and his son, Walter E. Friese, as his only heirs-at-law. Pursuant to leave granted, Elizabeth and Walter Friese, hereinafter referred to as the plaintiffs, filed a supplemental complaint alleging that they are the equitable owners of an undivided one-third interest in the trust property; that the defendant, Alma Dreppenstaedt, is the owner of another undivided one-third interest as a beneficiary under the trust agreement, and that one Emma Parthier is the owner of an undivided one-third interest by purchase from the defendant, George R. Friese. Plaintiffs were permitted to amend their supplemental complaint by the additional allegation that George R. Friese, as trustee, failed and refused to make distribution of the *corpus* of the trust as commanded by article 9 of the trust agreement. By their supplemental complaint, as amended, the relief sought by the plaintiffs was a division or partition of the real estate and an accounting and, further, an order directing George R. Friese, as surviving trustee, to execute the provisions of article 9, and upon his failure so to do, that a master in chancery be authorized to carry out this portion of the agreement. Answering, the defendants averred that plaintiffs had neither the legal nor the equitable title to the property. By their counter-claims,

the defendants asserted their belief that the interests of Edward E. and George R. Friese vested upon the death of their mother and that the interest of Alma Dreppenstaedt is a continuing interest under the agreement, and asked a division or partition of the property according to the respective rights of the parties. The chancellor entered a decree in conformity with the master's report, directing George R. Friese, as trustee, to make distribution of the *corpus* of the trust within fifteen days, as follows: An undivided one-third interest in the real estate to each of the defendants and an undivided one-third interest to the plaintiffs; that upon the trustee's failure to make distribution within the prescribed period the master execute his deed conveying the respective interests of the parties to them, and that the prayers for partition in the supplemental complaint, as amended, and in the counter-claims, be held in abeyance pending the consummation of the distribution. Defendants have prosecuted a direct appeal to this court, a freehold being involved.

Assailing the decree, defendants contend that the provisions of article 9 ordering the termination of the trust not later than two years from the date of the death of Meta Friese Koch are directory and not mandatory. To sustain the decree, plaintiffs maintain that these provisions are explicit and must be given effect. The issue thus made, and it is the only one disposed of by the superior court, is the construction of article 9 of the trust agreement. Where the creator of a trust specifically fixes the duration of the trust, his directions will, if not in violation of the rule against perpetuities, be given effect. (*Kohtz* v. *Eldred,* 208 Ill. 60.) The Restatement of the Law of Trusts, volume 2, section 334, announces the rule applicable to the present factual situation: "If by the terms of the trust the trust is to continue only until the expiration of a certain period or until the happening of a certain event, the trust will be terminated upon the expiration of the period or the happen-

ing of the event." Here, the trust agreement provides, first, that the trust shall, in no event, continue more than two years after the date of death of Mrs. Koch, and, to remove all doubt of the settlor's intention, declares further, that "In any event it must positively terminate at and upon the expiration of two years from and after the date of death of Meta Friese Koch." In these unmistakable terms,—language which does not admit of construction,—the settlor, herself, has provided expressly for the maximum length of time during which the trust is to last. The validity of the trust agreement is not challenged, and it must be given effect by the courts.

The decree of the superior court is affirmed.

*Decree affirmed.*