(Nos. 26656, 26657.—

EVELYN YEDOR ALTSCHULER, Appellee, *vs.* CHICAGO CITY BANK AND TRUST COMPANY *et al.,* Appellants.—IDA YEDOR, Appellee, *vs.* CHICAGO CITY BANK AND TRUST COMPANY *et al.,* Appellants.

*Opinion filed May 13, 1942—Rehearing denied Sept. 17, 1942.*

138

LEVINSON, BECKER, PEEBLES & SWIREN, and CHESTER W. KULP, (DON M. PEEBLES, of counsel,) for appellants.

BERNARD YEDOR, and MEYER ABRAMS, (SHULMAN, SHULMAN & ABRAMS, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

A complaint was filed in the superior court of Cook county by the owner of certificates of beneficial interest in a trust wherein the Chicago City Bank and Trust Company holds title to certain real estate, the management of which is under a board of trust managers. The complaint seeks an accounting and sale of the property either by way of partition or by way of direction to the trustee to sell. A decree was entered by the court appointing a special commissioner to advertise and sell, and upon approval the trustee was directed to make a deed of conveyance. It, however, denies the right of the plaintiff to partition. The effect of the decree is to dispose of the fee in the real estate in question, and hence involves a freehold.

The point in issue is the power of the trustee under the trust instrument. The pleadings disclose that upon a foreclosure the bondholders committee acquired title to certain real estate in the city of Chicago and conveyed the same to the Chicago City Bank and Trust Company, as trustee, for the uses and purposes set out in a certain trust agreement, the construction of which is involved in this suit.

The interest of the bondholders is represented by certificates of beneficial interest, and it is claimed by the plaintiff, who was the holder of such a certificate, the trustee having breached his duties under the trust, she was entitled to file her complaint to have said property sold by direction of the court, or in the alternative at partition sale. Article 7 of the trust agreement, among other things, provides: "The Trust created by this instrument shall, unless sooner terminated by the conveyance of the premises by the Trustee pursuant to the direction of the Trust Managers, extend

from the date hereof until all of the assets of said Trust are disposed of and distributed as herein set forth." The date of the trust instrument is November 28, 1934, and it provides that for a period of five years from October 15, 1934, the trust managers may direct the trustee to sell said premises at a price that will retire the certificates of beneficial interest at $100 each. It also provides that within said first period of five years it may sell for a lesser price if fifty-one per cent of the holders of beneficial shares shall in writing approve such sale.

Article 7 also provides: "In the event the Trust Managers and the Trustee do not secure such a purchaser within said five year period, then the Trustee shall notify the owners and holders of all of the certificates of beneficial interest that said premises have not been so sold and shall proceed to advertise said real estate for sale at public auction." The same article provides the trust managers shall have the right to fix the date of sale, and the trustee, in advertising shall comply with the time fixed by the trust managers, and the latter, or the trustee upon the written request of fifty-one per cent of the certificate holders, may continue any sale so advertised for a period of one year following the five-year term. It is then provided: "The right of the Beneficiaries, however, to continue such sale shall exist for five (5) years after the five-year period hereinabove recited, and such continuances may be made from time to time as the Beneficiaries see fit in the manner hereinabove provided." It is then specified that in all events the said real estate shall be sold not later than October 15, 1944, without any power to continue such sale, and that the trust managers during the second five-year period, if so extended, shall have the right to sell said property so as to realize $100 per beneficial share without any additional authority.

Article 8, which makes provision for revocation and resignation of the trustee, among other things, provides:

"In the event of the resignation or the inability or refusal to act of the Trustee and the failure of the Trust Managers to appoint a new trustee within thirty (30) days thereafter, then the Trustee hereunder or any of the parties hereto shall have the right to bring a proceeding in a court of competent jurisdiction asking for the appointment of a successor trustee," who shall have all of the powers and obligations as though originally named as trustee.

In cause No. 26656 it appears fifty-one per cent of the beneficiaries took the proper action to postpone the sale for a period of five years after October 15, 1939. This part of the answer was stricken because it is claimed it is the duty of the trustee to advertise the property for sale at the expiration of the first five-year period, and not having so advertised fifty-one per cent of the holders of the beneficial certificates had no right to continue the trust for a further period of five years.

It will be observed the trustee under the trust agreement did not have unlimited control over the property, but that a substantial part of the active duties was to be performed by the trust managers, or the trustee by the direction of the trust managers. It did, however, have the power to execute and deliver papers as owner of the property; to make tax returns, and to pay taxes; to prosecute and defend actions; to procure and pay for insurance; to receive all rents and profits; to keep books of account, and to perform numerous other duties. It constituted an active trust. While the trust managers had substantial duties and could control the trustee in certain important matters, yet the disposition of the property or the proceeds of the property had to come through the trustee.

The sole point by which it is claimed the trust ceased and determined so as to give the beneficial owners the right to proceed in partition or otherwise lies in the fact the trustee did not advertise the property for sale at the end of the five-year period. There is no provision in the trust

instrument that a failure to advertise terminated the trust, but, on the other hand, there is a provision in article 8, pointed out above, that a refusal of the trustee to act gives the beneficial owners the right to bring a suit asking for the appoinment of a successor trustee.

The inherent power of a court of equity over trusts includes the power to remove a trustee for breach of trust, misconduct or disregard of fiduciary duties. (*Chicago Title and Trust Co.* v. *Chief Wash Co.* 368 Ill. 146; *White* v. *Macqueen,* 360 id. 236.) So long as a trustee is exercising discretionary powers conferred upon him, honestly and reasonably, a court of equity has no right to interfere, (*Chicago Title and Trust Co.* v. *Chief Wash Co. supra; Martin* v. *McCune,* 318 Ill. 585; *Fischer* v. *Butz,* 224 id. 379,) and the remedy for a breach of trust or a failure to perform a duty by the trustee is his removal and the appointment of a new one, and not the setting aside of the instrument creating the trust. *Brower* v. *Callender,* 105 Ill. 88; *Chicago Title and Trust Co.* v. *Chief Wash Co., supra; Martin* v. *McCune, supra.*

Recent decisions of this court have definitely settled when the beneficiary of a trust may consider it terminated and proceed independently of the trustee, and when he may not do so. If a trust is created for a specific duration and is not a violation of the rule against perpetuities, it will be given effect. (*Friese* v. *Friese,* 373 Ill. 216; *Yedor* v. *Chicago City Bank and Trust Co.* 376 id. 121; Restatement of the Law of Trusts, vol. 2, sec. 334.) If the trust has terminated by operation of law, or there is no imperative requirement to sell or to act within a definite time the beneficiaries may proceed as though the trust were terminated. (*Yedor* v. *Chicago City Bank and Trust Co. supra; Rubin* v. *Bartel,* 371 Ill. 117; *Ashton* v. *Macqueen,* 361 id. 132.) Real property vested in an active trust is not subject to partition by the beneficiaries, (*Harris* v. *Ingleside Bldg Corp.* 370 Ill. 617; *Burbach* v. *Burbach,* 217 id.

547,) but if the trust has become inactive or has terminated, a court of equity may so decree and in the same case award partition. *Harris* v. *Ingleside Bldg. Corp. supra.*

The facts disclose the trust was to endure until the assets were disposed of, within not to exceed ten years, as set forth in the trust instrument. The trustee could not be disturbed in his title during the first five-year period. After the five-year period the trustee and trust managers had an additional period of one year in which to advertise and make a sale. During this one-year period he could sell for a sum producing $100 per share for the certificate holders without advertisement, or sell for a less amount upon advertisement, unless the sale was postponed. In this case the sale was postponed for the full second period of five years by fifty-one per cent of the certificate holders. The complaint was filed in August, 1941, long before this period expired, and hence under the terms of the trust agreement the title to the property was in the trustee, subject to the performance of an active trust, and not subject to being disposed of by the beneficiaries. The fact that the trial court, instead of awarding partition, directed sale by a commissioner, does not change the situation, because there was nothing in the trust instrument authorizing the court to give such relief, and no right to authorize a commissioner to sell, and order the trustee to execute the sale, for if a court should so interfere while the trustee is acting *bona fide* it would be a substitution of the discretion of the court for that of the trustee. *Martin* v. *McCune, supra; Shelton* v. *King,* 229 U. S. 90.

If there was any breach of duty upon the part of the trustee in failing to advertise, the beneficiaries had their remedy under article 8 to have another trustee appointed after its refusal to act. The trust instrument did not provide that it should be terminated by a failure to advertise, or failure to perform any other specified duties, but that it should terminate "by the disposal and distribution of the

assets" as set out in the trust instrument, and while it is still in effect the beneficiaries are bound by its terms. The trial court was in error in holding otherwise.

Cause No. 26657 involves a trust instrument with identical language except the parties and the property are different. In this case the suit was brought by the plaintiff within one year,—*viz.*, August 21, 1941, after the five-year period, and is based entirely upon the claim that the failure to advertise terminated the trust. As pointed out above this does not follow, because if advertisement is required it is no more than a breach of duty upon the part of the trustee; and for the other reason pointed out above that both during the one-year period, which does not require the consent of the beneficial owners, and during the extended period of four additional years if granted by such owners, the trustee and trust managers may sell without advertisement, provided they realize from such sale $100 for each beneficial certificate. If it was an abuse of discretion for the trustee to fail to advertise a sale, such fault does not destroy the trust, but would give a court of equity jurisdiction to either remove him, or to compel an execution of the trust as declared.

It follows that the plaintiff in No. 26657 had no right to maintain the suit at the time, as by the terms of the trust instrument its duration would be at least one year beyond the five-year period, or until the 16th day of January, 1942.

The decree of the superior court in both cases will be reversed and the causes remanded, with directions to overrule the motions to strike, and to proceed in a manner not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*