(No. 34281.—

EMMA S. WIENER *vs.* EDGAR SEVERSON, Appellant.—
(MERVIN GOLDSTEAD *et al.*, Appellees.)

*Opinion filed May 23, 1957.*

SINGER & SINGER, of Highland Park, (LEONARD D. RUTSTEIN, of counsel,) for appellant.

WILLIAM S. JACOB, of Chicago, and BEHANNA AND ENGBER, of Highland Park, for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Emma S. Wiener, trustee of a testamentary trust established by the will of her deceased father, filed a complaint in the circuit court of Lake County seeking directions in terminating the trust and approval of certain disbursements. Her brother, Edgar Severson, filed an answer and counterclaim for an accounting. Before a hearing was had the plaintiff died, the executor of her will was substituted in her place, and the beneficiaries thereunder were permitted to intervene. The defendant, Edgar Severson, thereafter moved for summary judgment declaring him to be the sole owner of the trust assets. The motion was denied and he appeals directly to this court, a freehold being involved.

The testator, Joseph Severson, died in 1936 leaving a widow, Anna, and three children: Norman, Emma and Edgar. By his will the residue of the estate was devised and bequeathed to Emma in trust to pay the income to his widow and the son Norman (an incompetent), or the survivor of them. The will then provides for distribution as follows:

"This trust shall be immediately terminated and the trust estate herein shall be distributed in cash or kind upon the death of the survivor of Anna Severson and Norman Severson, and the said trust estate shall be distributed, share and share alike, to my daughter, Emma S. Viener, and to my son, Edgar Severson, and until such trust estate shall be distributed said Trustee shall have and exercise all powers provided for by this instrument. Said Trustee may reimburse herself for any expense she may be put to on account of said trust estate, including fees and salaries of agents and attorneys.

"In the event of the death of either or both the said Emma S. Viener or Edgar Severson during the existence of this trust the share which should have been paid to such son or daughter upon distribution hereof, if alive, shall be paid to his or her or their children or grandchildren then living, if any there be, per stirpes, said class to be determined at the time appointed for the termination of this trust.

"In the event that either my son Edgar Severson or my daughter Emma S. Viener, shall die before the termination of

this trust and before the distribution thereof, leaving him or her surviving no issue, then the share of such deceased person shall be paid to the survivor of the said Edgar Severson and Emma S. Viener."

The testator's widow, Anna Severson, died in 1942; and the son Norman died on January 17, 1955. The present suit was brought in April, 1955, by the trustee, Emma S. Wiener, who thereafter died on December 20, 1955. The sole question presented is whether, under the terms of the last quoted paragraph, above, Edgar Severson as the survivor is entitled to the entire trust estate. In its decree the circuit court held that the will gave Emma a vested remainder in an undivided one-half which became absolute and indefeasible upon the death of the survivor of Anna Severson and Norman Severson. Appellant contends the testator's expressed intent is that only those of his children who survived actual distribution should succeed to his property.

It is fundamental that in construing wills the intention of the testator, as determined from the entire will, is to be given effect unless contrary to law. Such intention is determined in two ways: one by ascertaining the testator's actual meaning from the words employed, to which all rules of construction give way, and the other by finding his presumed intention by the application of rules of construction where the meaning is obscure, doubtful, or uncertain. Resort to such rules is necessary, however, only where the actual intent cannot be ascertained. If the intention may be gathered from the language of the will without reference to rules of construction, there is no occasion to use them. *Stagg* v. *Phenix*, 401 Ill. 134.

From a reading of the three quoted paragraphs, in the light of the evident purpose of the trust, we think the testator intended that if both Edgar and Emma survived their mother and brother they were to share the estate equally. By the first paragraph the testator expressly provided that termination and distribution shall be "upon the death of

the survivor of Anna Severson and Norman Severson," at which time the estate was to be distributed in equal shares to Emma and Edgar. By the second and third paragraphs the testator anticipated the possibility of either Emma or Edgar dying during the existence of the trust. The second paragraph provides for the contingency of death with issue; and, in our opinion, the third paragraph simply purports to provide for the converse of that contingency, namely death without issue. We do not think the testator intended, by the use of the words "termination" and "distribution," to refer to an event different in time from that referred to in the preceding two paragraphs.

Obviously the sole reason for creating the trust was to provide for the support and maintenance of his wife and incompetent son. Upon their death its purpose would be accomplished. Where the sole purpose of a trust is to provide an income for a beneficiary during his lifetime, the trust terminates at his death, in the absence of provisions to the contrary. (*Wood* v. *Continental Illinois Nat. Bank and Trust Co.* 411 Ill. 345.) There is nothing in the present will to indicate the testator meant some different time by the words "termination of this trust." On the contrary, by the previous provision he had designated the time of termination to be "upon the death of the survivor of Anna Severson and Norman Severson," and directed that distribution should then be made.

In *Illinois Land and Loan Co.* v. *Bonner,* 75 Ill. 315, 325, a will left property in trust for Rosalia A. Bonner and her brother Percy, directing that upon Rosalia's arriving at 18 years of age the trustee should convey an undivided half to her, and upon her brother's reaching the age of 21 the trustee should convey the other half to him. It was further provided that in case Rosalia should die without issue, before the full execution of the trusts of said will, leaving her brother surviving, then the whole of the estate should be conveyed to him upon his reaching 21.

Rosalia died without issue, after reaching 18 years of age but before the "full execution of the trust." In holding that her interest did not pass to her brother, this court observed: "We cannot think that the interest of Rosalia, under the will, became divested, and passed to her brother, although she did die without issue before the full execution of the trusts of the will, in which event, by the literal terms of the will, her interest was to be conveyed to him by the trustee. Such divesting and passing of her interest would be inconsistent with the previous provision of the will, that the trustee should convey Rosalia's interest to her on her arriving at eighteen years of age." In the case at bar the provision in the third paragraph, as construed by appellant, would be inconsistent with the provision in the first paragraph whereby the trustee was directed to terminate the trust upon death of the surviving life beneficiary and to distribute to Emma and Edgar in equal shares.

A somewhat similar question was presented to the Appellate Court in *Costello* v. *Warnisher,* 4 Ill. App.2d 571, wherein a testator established a trust of shares of stock with the income payable to his children from time to time surviving until termination of the trust. He then provided that "upon the written request of all of my children who are living and under no legal disability when such request is made, the trustees shall sell and dispose of said stock and pay the proceeds thereof per stirpes to my descendants who are then living." In 1951 the only surviving child made the request referred to, and the trustee entered into an agreement for sale of the stock. Before the sale was consummated and the proceeds distributed, the child died, and certain grandchildren by another son claimed the entire proceeds as the sole descendants of the testator "then living." They contended that the testator's language referred to descendants living at the time of distribution, and that since the son who made the request did not survive until such time, his estate could not share. In rejecting the con-

tention the court observed that "This would make distribution precarious to the last moment," and that in seeking the intent of the testator at the time the will was made it should be remembered that "events separated by short intervals of time, contemplated in the perspective of a remote contingency, are thought of as simultaneous. The intervals between request and sale, sale and distribution, and then payment were used rather with a contemplation that these events were concurrent."

We think a similar construction should be given to the present will, which was executed in 1933. The provision requiring termination and distribution "upon" the death of the surviving life beneficiary does not indicate the testator thought of the interval between death and distribution, or intended to provide for events which might occur therein. On the contrary, the natural inference from his language is that he contemplated as a single event the death of the surviving life beneficiary, the termination of the trust, and the distribution of the trust estate; assumed that the persons living at the death of the life beneficiary and those who were to receive the estate would be the same; and intended their interests to become absolute at the time of such death.

Under the construction urged by appellant the time at which important rights are determined would depend upon the delay or diligence with which distribution might be made. Since the date of actual payment would be uncertain, and to some extent within the control of interested parties, an intention to make the children's interests dependent upon survival thereof is unlikely, and should not be inferred in the absence of clear and explicit provisions to that effect. (See 96 C.J.S. 116, Wills, sec. 727, and cases therein cited construing provisions for a gift over on death before payment or distribution as referring to the time the share is payable, rather than the time of actual payment.) The reasonable interpretation of provisions for

a gift over in the event of death before distribution or payment is that the event must take place at the time at which testator intended distribution should be made, rather than the time it is actually made. Actual receipt may be delayed by so many different causes that courts are unwilling to impute to the testator an intention to make such an event determine the time at which an interest may be divested. *In re Greene's Will,* 240 Wis. 452, 3 N.W.2d 704.

The present will directs a distribution and termination upon death of the surviving life beneficiary, thus designating a definite time when the right to receive the remainder accrues. The language providing for a gift over upon death "before the termination of this trust and before the distribution thereof" will therefore be interpreted as referring to the time which the testator had already appointed for termination of the trust. Since Emma was living at such time and was then entitled to distribution, her interest became absolute and upon her subsequent death passed to her estate.

The circuit court properly construed the will, and the decree is therefore affirmed.

*Decree affirmed.*