THOMAS EICHE *et al.*, as Co-Executors of the Estate of Julia N. A. M. Eiche, Deceased, Plaintiffs-Appellees, *v.* ILLINOIS NATIONAL BANK & TRUST COMPANY *et al.*, Defendants and Third-Party Plaintiffs-Appellants.—(ANNE C. WHEELER *et al.*, Third-Party Defendants.)

Second District . No. 79-768

Opinion filed June 5, 1980.

Francis E. Hickey, Peter DeBruyne, and Robert E. Roman, Jr., all of Miller, Hickey & DeBruyne, Ltd., of Rockford, for appellants.

Robert A. Fredrickson and Mark W. Boswell, both of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting the motion for summary judgment of plaintiffs, Thomas Eiche and B. N. Meldrum, as executors of the estate of Julia Eiche, and denying the motion for summary judgment of defendants, Illinois National Bank and Trust Company, both individually and as trustee of the Gwen R. Eiche trust. Plaintiffs brought an action for an accounting and damages, alleging that defendants made wrongful payment of trust funds. After granting judgment for the plaintiffs, a judgment for indemnity was entered in favor of defendants as third-party plaintiffs against third-party defendants, who are not involved in this appeal.

Gwen R. Eiche is the settlor of a trust on February 14, 1972, with Illinois National Bank and Trust Company, Rockford, as the trustee. Thereafter, settlor made three amendments to the trust, and when the settlor died on August 29, 1975, the terms of the trust provided in relevant part that funeral and burial expenses were to be paid by the trustee; that from the settlor's death to the date of distribution, the income from the trust was to be paid quarterly to John Eiche; all Federal estate and State inheritance taxes were to be paid from the trust corpus; the trustee was to pay the balance of principal and income according to specific instructions, after payment of taxes and expenses; as part of the special instructions and a calculation contained therein, Julia Eiche was to receive $10,000 as her share of the distribution of the trust; and in the event that Julia Eiche "died before receiving her share," her share was to be given to five named grandchildren of settlor in addition to the share they would otherwise receive under the terms of the trust.

All expenses and taxes were paid and approved on October 28, 1976, more than one year after settlor's death. On November 11, 1976, the attorneys for the trustee sent letters to the five grandchildren asking whether they wished to receive their normal share of the trust assets in kind (stocks and bonds) or in cash. Julia Eiche died on December 9, 1976, and the last response from the grandchildren was received on December 28, 1976. The trustee determined that since Julia Eiche *died before receiving her share*, it should be distributed among the grandchildren, which the trustee proceeded to do. Plaintiffs, as executors of the estate of Julia Eiche, then brought this action, contending that Julia Eiche's share vested by October 28, 1976, when all expenses and taxes had been paid. Defendants joined the grandchildren in a third-party action for indemnity. The trial court denied defendants' motion for summary

judgment and granted plaintiffs' motion for summary judgment, finding that Julia Eiche was entitled to receive her share on October 28, 1976, since by that date nothing remained to be done by the trustee except physically distribute the corpus of the trust. The court thereafter ordered a judgment of indemnity to be entered in favor of the trustee in its third-party action against the five grandchildren who had received Julia Eiche's share.

Fundamentally, the issue to be resolved is whether there exists a genuine issue of material fact so as to entitle the moving party to a judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57.) As is implicit from the mutual motions for summary judgment, we believe that the facts are not in dispute, and that the central concern is whether Julia Eiche was required by the trust terms to survive until she received physical distribution of the trust assets in order to be entitled to receive her share, or whether her right to receive that share vested prior to her death on December 9, 1976. The trustee contends that under the specific terms of the trust, Julia Eiche's share did not vest until the actual receipt of the share, and that accordingly summary judgment should have been granted to defendants, not plaintiffs. Alternatively, defendants urge that there is a genuine issue of material fact regarding whether Julia Eiche had to live until actual receipt of the assets or whether her share could vest prior to actual receipt. Plaintiffs contend that the trustees delayed payment of Julia Eiche's share for an unreasonable length of time and that, in any event, her share became vested when all expenses and taxes were paid; and that because vesting occurred at that time, plaintiffs were entitled to summary judgment.

*Wiener v. Severson* (1957), 11 Ill. 2d 347, 143 N.E.2d 225, is relevant and persuasive, although not controlling. In that case, decedent's will provided for certain trust assets to be distributed, and that the trust would be immediately terminated on the death of the survivor of decedent's wife and one of his sons. The will also provided for the trustee to exercise certain powers over the trust until distribution. After the death of decedent's wife and the one son, two beneficiaries were eligible to take under the trust. Before distribution, one died; her estate argued that her share vested indefeasibly at the time of the death of the survivor of decedent's wife and the one son; the other beneficiary argued that only those who survived to actual distribution were eligible to take under the trust. Relying in part on the specific language as to when the trust was to terminate, the supreme court held that the first beneficiary's interest did vest prior to distribution, and that her estate was entitled to her share. More useful in the consideration of the present cause is the court's expression of the view that, absent a clear intent otherwise, the right to

receive an interest in such a case should be determined at the time there was the right to receive distribution, rather than when distribution actually occurs.

In the present cause, settlor clearly contemplated a delay in distribution, since provision was made for payment of trust income during the time between her death and the time of distribution of trust assets. Bearing in mind that the law favors the earliest possible vesting of an estate (*Northern Trust Co. v. North* (1966), 73 Ill. App. 2d 469, 220 N.E.2d 28) and that, if possible, the intent of the settlor is to be determined from within the four corners of the instrument (*In re Estate of Bentley* (1973), 14 Ill. App. 3d 630, 303 N.E.2d 166), it is our opinion that the terms of the trust which provided for distribution to be made after payment of all taxes and expenses is a manifestation that the right to receive distribution was to occur at the time when all expenses and taxes were paid or within a reasonable time thereafter. Under the circumstances of this case, we believe that the assets should have been distributed to Julia Eiche prior to her death. Her right to receive her share became vested prior to her death, and her estate was entitled to receive payment of the share which she was entitled to receive. We accordingly conclude that summary judgment for the plaintiffs was proper in this situation, and we affirm the decision of the trial court.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.