2022 IL App (1st) 210868-U

No. 1-21-0868

Order filed June 2, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| AARON WOOLFSON, as Independent Executor of the Estate of MARGARET L. STENBERG, deceased, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellant, | ) ) | |
| vs. | ) ) | No. 20 P 801 |
| CHICAGO TITLE & TRUST COMPANY a Delaware LLC, KATHERINE STENBERG, KEITH STENBERG, JEFFERY KRUPP, and JULIUS JACOB KRUPP, | ) ) ) ) ) | |
| Respondents-Appellees. | ) ) ) | Honorable Terrence J. McGuire, Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court properly entered summary judgment in favor of respondents on their joint counter-petition for declaratory judgment.

¶ 2    This appeal arises from a dispute between contingent beneficiaries of a land trust and residual-estate beneficiaries under the will of Margaret L. Stenberg (Stenberg), the decedent. The

dispute concerns whether the real property in question, a residential building located at 4319-21 North Dayton Street in Chicago (the Dayton Property), is an asset of the land trust or of the decedent's estate.

¶ 3                                    I. BACKGROUND

¶ 4      Until the time of her death, Stenberg resided at the Dayton Property. On July 23, 1974, Stenberg deeded the Dayton Property into a land trust with the Bank of Ravenswood as land trustee. The trust was designated as Trust No. 001042-7-3 and Stenberg retained the beneficial interest in the property, naming Keith Stenberg, Katherine Stenberg, Julius Krupp, Jr., and Jeffery Krupp as successor beneficiaries of the land trust (collectively, trust beneficiaries).

¶ 5      The trust agreement contained the following language at issue:

> "If any property remains in this trust twenty years from this date it shall be sold at public sale by the trustee on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this trust agreement."

¶ 6      On March 20, 1995, some twenty years after the trust's creation, Stenberg and then-trustee American National Bank & Trust Company of Chicago executed an amendment to the trust agreement which extended the agreement for an additional 20 years from July 23, 1994 to July 23, 2014. The amendment contained the same terms and conditions as the pre-amended version of the trust agreement.

¶ 7      Chicago Title and Trust Company (Chicago Title) eventually became successor trustee in October 2005. The record demonstrates that from the time Chicago Title became successor trustee, until Stenberg's death in October 2019, Stenberg regularly paid the annual trust administration fees.

¶ 8      Stenberg executed her will on August 17, 2012. Article Five of the will directed that any

2

real estate Stenberg owned at the time of her death, including her current residence in Chicago, was to be sold, and the net proceeds from the sale made a part of her residuary estate. Article Six of the will directed that Stenberg's residuary estate was to be distributed in equal shares to Portia Iverson, Lenore Iverson, Sarah Jones, Lloyd Iverson, and Aaron Woolfson (collectively, estate beneficiaries).

¶ 9    Approximately five years after executing her will, Stenberg received a satisfaction of mortgage for the Dayton Property, which was recorded in May 2017. The Dayton Property remained in the trust.

¶ 10    Stenberg died on October 29, 2019. Her will was admitted to probate on February 14, 2020, and Aaron Woolfson (Woolfson) was appointed independent executor of her estate.

¶ 11    On March 23, 2020, Woolfson, on behalf of Stenberg's estate, filed a petition in the circuit court of Cook County seeking to recover the Dayton Property as an asset of the estate. The petition alleged that under the terms of the amended land trust agreement, the trust expired July 23, 2014, and thereafter, Chicago Title was required to sell the Dayton Property and distribute the proceeds to Stenberg. The petition asserted that Chicago Title's failure to do so was a breach of its fiduciary duty.

¶ 12    The trust beneficiaries and Chicago Title (collectively, respondents) each initially filed separate responses to the petition. Later, respondents filed a joint counter-petition seeking a declaration that the Dayton Property was owned by and was an asset of the trust, free and clear of any claims or interests of Stenberg's estate. The respondents alleged that Stenberg's conduct evidenced her intent that the Dayton Property should remain an asset of the trust.

¶ 13    In support of this allegation, respondents pointed to the fact that after the trust purportedly expired July 23, 2014, Stenberg continued to live in the Dayton Property, and she continued to pay

3

the annual trust administration fees, without interruption, until her death. Respondents also noted that at various times Stenberg directed the trustees to perform certain acts in connection with the Dayton Property, but never directed the trustees to remove the property from the trust, even after she received the satisfaction of mortgage. Respondents further noted that the property remained in the trust subsequent to Stenberg executing her will.

¶ 14    The parties ultimately filed cross-motions for summary judgment on their respective petitions. In addressing the cross-motions, the circuit court determined that the trust language was ambiguous.

¶ 15    The circuit court found that the ambiguity arose because the trust provided for the sale of any property remaining in the trust upon expiration of twenty years from the date of the agreement, while at the same time, it provided that the trustee would deal with the real estate only when authorized to do so in writing. The court found it was unclear whether Stenberg intended the trust to terminate upon expiration of the second twenty-year period, thereby requiring the trustee to sell the Dayton Property and distribute the proceeds, or whether Stenberg's conduct evidenced her intent to require her written direction to the trustee before the trustee could sell the property.

¶ 16    The circuit court concluded that Stenberg's "intention was to require her written direction to the Trustee in order to sell the property, or for the Trustee to take any other action related to the property." The court highlighted actions that demonstrated Stenberg's intent. First, the Dayton Property was—from before the execution of the trust agreement and its subsequent amendment through to her death—Stenberg's primary residence. Second, the trust agreement explicitly provided that the trustee was authorized to deal with the Dayton Property only upon the written direction of Stenberg and she never directed the trustee to remove the property from the trust. The court reasoned that if the trustee could have sold the Dayton Property without Stenberg's written

authorization, she would have been removed from her home without her approval. The court found that Stenberg could not have intended such a result.

¶ 17 In an order entered March 25, 2021, the circuit court granted the respondents' motion for summary judgment on their joint counter-petition for declaratory judgment and denied petitioner's motion for summary judgment. On June 15, 2021, the court issued its order and final judgment, finding that the trust "was never terminated," and therefore the Dayton Property remained an asset of the trust, free and clear of any claims of Stenberg's estate. The court held that the trust beneficiaries could take any and all actions with respect to the assets of the trust in furtherance of their powers as successor beneficiaries.

¶ 18 On July 14, 2021, petitioner filed his notice of appeal challenging the circuit court's findings. The court subsequently granted petitioner's request to stay enforcement of its orders pending appeal. The court ordered that the Dayton Property "shall not be removed or sold prior to resolution of the appeal."

¶ 19                                    II. ANALYSIS

¶ 20 We consider the following issues on appeal: (1) whether the circuit court correctly determined that Stenberg did not intend for the trust to expire after July 23, 2014; and (2) in the alternative, whether the circuit court erred by failing to consider Stenberg's written will when interpreting her intent.

¶ 21 When parties file cross-motions for summary judgment they agree that there are only questions of law to decide, and they invite the court to decide the issues based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28; *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 308-09 (2010). Summary judgment should be granted where the pleadings, depositions, and admissions on file, together with any affidavits, show that there are no genuine issues of material

fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010); *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Our court reviews a circuit court's rulings on cross-motions for summary judgment and the construction of trust language under a *de novo* standard of review. *Schroeder v. Sullivan*, 2018 IL App (1st) 163210, ¶ 25.

¶ 22 Our primary objective in construing language in a trust is to ascertain and give effect to the intent of the settlor, provided that intent does not conflict with the law or public policy of the State. *Chicago Police Sergeants' Association, Policemen's Benevolent & Protective Association, Unit 156A v. Pallohusky*, 2019 IL App (1st) 181194, ¶ 19; *In re Estate of Lee*, 2017 IL App (3d) 150651, ¶ 32. We determine the settlor's intent by examining the language of the trust itself, and if there is no ambiguity, we construe the language according to its plain and ordinary meaning. *Schroeder*, 2018 IL App (1st) 163210, ¶¶ 26-27; *In re Estate of Lee*, 2017 IL App (3d) 150651, ¶ 32. "In determining the intent of a settlor, the rules of construction which apply to the interpretation of contracts apply to the construction of trust instruments." *Goddard v. Continental Illinois National Bank & Trust Company of Chicago*, 177 Ill. App. 3d 504, 509 (1988).

¶ 23 Here, the circuit court found there was an ambiguity in the trust agreement as to whether Stenberg intended for the trust to expire after July 23, 2014. "The determination of whether contract language is ambiguous is a question of law." *1000 Condominium Association v. Carrier Corp.*, 180 Ill. App. 3d 467, 469 (1989). Language in a trust instrument is ambiguous when it is reasonably susceptible to more than one meaning. *McCarthy v. Taylor*, 2014 IL App (1st) 132239, ¶ 58. Where the language of a trust is ambiguous and the settlor's intent cannot be determined from the language of the trust document alone, a circuit court may rely on extrinsic evidence to aid construction. *Id*.

¶ 24     However, even if the circuit court finds there is an ambiguity "and other extrinsic facts are introduced to ascertain the contract's true meaning, the meaning of the contract may still be determined as a matter of law where the facts are uncontroverted or show the contract to have but one meaning." *Kellner v. Bartman*, 250 Ill. App. 3d 1030, 1033-34 (1993). Here, the facts are uncontroverted. Moreover, we find that the language in the trust agreement pertaining to its duration is unambiguous. As the circuit court noted, the parties merely have "conflicting views as to whether the Trust terminated upon expiration of the second twenty-year period." "A contract is not rendered ambiguous merely because the parties disagree on its meaning." *Central Illinois Light Company v. Home Insurance Company*, 213 Ill. 2d 141, 153 (2004).

¶ 25     In the instant case, there are no genuine issues of material fact in dispute. This case concerns the construction of an unambiguous trust agreement, which is a matter of law. *Schroeder*, 2018 IL App (1st) 163210, ¶ 25. We now turn to the merits of the appeal.

¶ 26     Petitioner contends the circuit court erred by ruling that Stenberg did not intend the trust to terminate upon expiration of the 20-year period provided in the amended trust agreement. The trust language at issue provides:

> "If any property remains in this trust twenty years from this date it shall be sold at public sale by the trustee on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this trust agreement."

¶ 27     Nearly identical trust language was considered by our court in *Heritage County Bank & Trust Company v. State Bank of Hammond*, 198 Ill. App. 3d 1092, 1096 (1990). In *Heritage County*, the father entered into a trust agreement with the trustee-bank and deeded a parcel of land as the trust *res*. The trust was for the sole benefit of the father during his lifetime, with his brother as contingent beneficiary. *Id*. at 1094. The trust provided:

7

"If any property remains in this trust twenty years from this date it shall be sold at public sale by the trustee on reasonable notice, and the proceeds of the sale shall be divided among 'the beneficiaries.' " *Id.* at 1096.

¶ 28    "The trust did not specify any other expiration or termination date or event." *Id.* at 1094. In addition, "the land remained in the trust *res* and the trust terms were not amended in writing." *Id.*

¶ 29    After expiration of the twenty-year period, the trustee-bank did not attempt to sell the land and the father did not renew the trust agreement in writing as required under the terms of the trust. However, the father continued to pay the trust fees. The father died testate, leaving his estate to his children. At the brother's request, the trustee-bank conveyed legal title to him. *Id.*

¶ 30    The trustee-executor of the father's estate filed suit to quiet title to the land. The trustee-executor claimed that pursuant to the terms of the trust agreement, the trust terminated upon expiration of the 20-year period. *Id.* at 1095. On cross-motions for summary judgment, the circuit court granted summary judgment for the brother and denied summary judgment for the trustee-executor. *Id.* at 1093.

¶ 31    The trustee-executor appealed, arguing that upon expiration of the 20-year period in the trust agreement, the father acquired a vested, indefeasible beneficial interest in the trust *res* because the trust provided that the property was to be sold and the proceeds distributed at that time. *Id.* at 1093-94. The *Heritage County* court disagreed with the trustee-executor's arguments and affirmed the judgments of the circuit court.

¶ 32    The *Heritage County* court, citing our supreme court's decision in *Breen v. Breen*, 411 Ill. 206, 211-12 (1952), held that when a land trust containing no specific termination date empowers the trustee to sell the trust *res* and distribute the proceeds of the sale upon expiration of a certain period, the trust does not terminate if the trustee fails to perform these tasks upon expiration of that

period, where the settlor manifests an intent that the trust should continue. *Id*. at 1096-98. In such cases, language providing that the trust will expire upon a certain period is construed as directory and does not cause the trust to terminate. *Breen*, 411 Ill. at 210.

¶ 33    The *Heritage County* court determined that the father's conduct in continuing to pay the trust fees after expiration of the 20-year period indicated that he did not intend for the trust to terminate upon expiration of this period, but that it should continue until his death, at which point his brother would be entitled to the trust *res*. *Heritage County*, 198 Ill. App. 3d at 1097. The court held that the trust terminated when the brother requested the trustee-bank to convey to him legal title to the trust *res*. *Id*.

¶ 34    Like the trust agreement in *Heritage County*, the trust agreement in this case does not contain a specific termination date. The trust agreement provides that if any property remains in the trust at the expiration of twenty years from the date of the agreement, it shall be sold at public sale by the trustee on reasonable notice and the proceeds divided among those entitled under the trust agreement. Stenberg was alive at the expiration of the second twenty-year period. She never directed the trustees to sell the Dayton Property, transfer the property out of the trust, or dissolve the trust. Moreover, and importantly, Stenberg, like the father in *Heritage County*, continued to pay the annual trust administration fees without interruption until her death. Attorney Robert Kuzma, vice president and counsel for Chicago Title, averred that "[f]rom 2006 to 2019, payment of Chicago Title's annual fee for trust administration was paid by [Stenberg] without interruption." He went on to state that "Chicago Title never received any written direction from [Stenberg] to remove the land trust property out of the Trust."

¶ 35    These facts clearly demonstrate that Stenberg manifested an intent that the trust should continue past expiration of the second twenty-year period. Therefore, we find the circuit court

correctly determined that Stenberg did not intend for the trust to expire after July 23, 2014.

¶ 36 Lastly, petitioner alternatively argues that if the circuit court had considered Stenberg's written will when it interpreted her intent, the court would have found that she intended for the trust to terminate upon expiration of the second twenty-year period, so that the Dayton Property could pass through her will. In support of this argument, petitioner points to Article Five of the will which directs that any real estate Stenberg owned at the time of her death, including her current residence in Chicago, was to be sold and that the net proceeds from the sale made a part of her residuary estate.

¶ 37 Unlike a conventional trust, where the trustee holds legal title to the property, and the beneficiary holds equitable title—in a land trust, the trustee holds both the legal and equitable title to the property. *Campbell v. Campbell*, 2017 IL App (3d) 160619, ¶ 17. "[T]he beneficiary's interest in the real property changes to a personal property interest in the trust." *Financial Freedom Acquisition, LLC v. Standard Bank & Trust Co.*, 2015 IL 117950, ¶ 33. As a result, "[a] beneficiary cannot transfer legal title to property held in trust because the beneficiary does not hold that interest; only the trustee holds that interest." *Id.* ¶ 20.

¶ 38 Here, Stenberg did not have legal or equitable title to the Dayton Property at the time she executed her written will in 2012, codicil thereto in 2013, nor at the time of her death in 2019. Stenberg, as the settlor-beneficiary, could have issued a written directive to the trustee to transfer legal title of the Dayton Property to her, which would have allowed her to pass title to the property through her will. In a land trust, the trustee derives all of their power from the beneficiary and acts solely at the beneficiary's request and solely on their behalf. *Podvinec v. Popov*, 168 Ill. 2d 130, 137 (1995). However, Stenberg never issued such a directive to the trustee and therefore the Dayton Property remained in the trust at the time of her death. As a result, Stenberg's written will

provided no legal basis or authority for trustee Chicago Title to sell the property. Thus, there was no breach of fiduciary duty on the part of Chicago Title for not selling the Dayton Property. Under these circumstances, we find the circuit court did not err by failing to consider Stenberg's written will in determining whether she intended for the trust to expire after July 23, 2014.

¶ 39                                   III. CONCLUSION

¶ 40    We affirm the circuit court's ruling granting summary judgment in favor of respondents on their joint counter-petition for declaratory judgment. We affirm the court's denial of petitioner's motion for summary judgment on his petition.

¶ 41    We find that the circuit court correctly determined that Stenberg did not intend for the trust to expire after July 23, 2014, and therefore Chicago Title did not breach its fiduciary duty by not selling the Dayton Property at that time and disturbing the proceeds to Stenberg. We also find that, for the same reasons, Chicago Title did not breach its fiduciary duty by failing to sell the Dayton Property under the terms of Stenberg's written will and distributing the proceeds to the estate beneficiaries. Accordingly, we affirm the circuit court's judgments and remand with directions that the court dissolve its order staying enforcement of its judgments.

¶ 42    Affirmed and remanded with directions.